CASE 75—ACTION FOR DAMAGES—October 26.

## City of Louisville v. Kuntz.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

CONSTITUTIONAL LAW—SIX MONTHS' LIMITATION ACT OF CITIES OF THE FIRST CLASS.—The provision in the charter of cities of the first class prescribing a limitation of six months for actions against such municipalities (sec. 267; Ky. Stats., 2752), is a violation of sub-section 5 of section 59 of the Constitution, prohibiting local and special legislation.

City of Louisville v. Kuntz.

HENRY L. STONE FOR APPELLANT.

1. The six month's lmitation in the act for the government of cities
   of the first class is constitutional. City of Covington v. Vos-
   kotter, 80 Ky., 219; Ky. Statutes, secs. 2752, 2742, 2515, 2516,
   2546, 547, 2998, 3184, 3400, 3544; Const., secs. 59, 156; City of
   Covington v. Hoadley, 83 Ky., 444; Preston v. City of Louisville,
   84 Ky., 118; Nichols v. City of Minneapolis, 2 Eng. & Am. Cor.
   Cases, 562-3-4; Lawrence v. City of Louisville, 96 Ky., 595;
   City of Louisville ·v. Garr, 97 Ky., 583; Welker v. Potter, 18
   Ohio St., 85; Wheeler v. Philadelphia, 77 Pa. St., 338; Walker v.
   City of Cincinnati, 21 O. St., 14; Kilgore v. Magee, 85 Pa. St.,
   401; Van Riper v. Parsons, 40 N. J. Law, 7-11; State v. Hunter,
   42 N. J. L., 435; Coutieri v. New Brunswick, 44 N. J. L., 58; Van
   Gieson v. Bloomfield, 14 N. J. L., 442; Long Beach v. Sloane,
   49 N. J. L., 356; Pierce v. O'Connor, 54 N. J. L., 36; Chalfant v.
   Edwards, 173 Pa. St., 246; Davis v. Clark, 106 Penn., 377; Scow-
   den's Appeal, 96 Penn., 422; Weinman v. Railway, 118 Penn.,
   192; Ruan Street, 132 Penn., 257; Wyoming Street, 137 Penn.,
   494; Murnane v. City of St. Louis, 123 Mo., 479; Missouri Con-
   stitution, sec. 7, art. 9; State v. Herman, 75 Mo., 340; State v.
   Miller, 100 Mo., 448; Ewing v. Hoblitzell, 85 Mo., 64; State v.
   Tolle, 71 Mo., 650; Missouri Statutes, sec. 1902; State v. Hayes, 88
   Mo., 344; California Constitution, sec. 2, art. 1; sec. 25, art 4; sec.
   6, art. 11; Earle v. Board of Education, 55 Cal., 489; People v. Dan-
   iel, 76 Cal., 436; City of Pasadena v. Stimson, 91 Cal., 251; L. & N.
   R. R. Co. v. Williams, 20 Ky. Law Rep., 77; Gen. Stats., sec. 3, art.
   3, chap., 71; City of Louisville v. Commonwealth, 1 Duv., 295;
   Jones on Negligence of Municipal Corps, sec. 262; Dunne v.
   Kansas City Cable Co. (Mo.), 32 S. W. R., 641; Lynch v. Murphy,
   119 Mo., 163; s. c. 24 S. W. R., 774; State v. Marion County Court,
   (Mo. Sup.), 30 S. W. R., 103; State v. Bell, 119 Mo., 70; s. c. 24
   S. W. R., 765; City of St. Louis v. Dorr, 41 S. W. R., 1094.

2. The cause of action was barred by the limitation in the former
   charter of the City of Louisville. Session Acts 1881, vol. 2, p.
   1017; Cassity v. Storms, 1 Bush, 452; Lawrence v. City of Louis-
   ville, 96 Ky., 595; Const., sec. 166.

SAME COUNSEL IN A SUPPLEMENTAL BRIEF IN REPLY TO BRIEF OF
COUNSEL FOR APPELLEE.

1. The Constitution did not operate to repeal the statute of limi-
   tation contained in the old charter of the City of Louisville.

Lawrence v. City of Louisville, 96 Ky., 595; Pearce v. Mason County, 99 Ky., 357; L. & N. R. R. Co. v. Williams, 20 Ky. Law Rep., 77; Roberts v. Clay City, 42 S. W. R., 909.

2. The act in question is not special or local legislation. Long v. City of Louisville, 97 Ky., 364; State v. Fleming, 44 S. W. R., 758 (Mo.); Copeland v. City of St. Joseph, 126 Mo., 426; Louisville School Board v. Supt. of Pub. Instruction, 19 Ky. Law Rep., 1350.

SAME COUNSEL IN A PETITION FOR A REHEARING.

Citations: Preston v. City of Louisville, 84 Ky., 118; City of Covington v. Hoadley, 83 Ky., 444; State v. Fleming, 44 S. W. R., 758 (Mo.); Cooley Con. Lim., p. 450; Louisville School Board v. Supt. Pub. Instruction, 19 Ky. Law Rep., 1350; People v. Onahan, 170 Ill., 449; Ramer v. Williams, 50 Pac. Rep., 691; s. c. 118 Cal., 401; Bausher v. St. Paul, 75 N. W. R., 745.

BULLITT & SHEILD FOR APPELLEE.

WILLIAM MARSHALL BULLITT FOR APPELLEE.    (BULLITT & SHEILD OF COUNSEL.)

That provision of the charter of cities of the first class prescribing a limitation of six months for actions against such municipalities is a violation of section 59 of the Constitution. Gibbons v. Ogden, 9 Wheat., 1; Marbury v. Madison, 1 Cranch, 137. The Constitution forbids discrimination in favor of a class and therefore in favor of a city of the first class. The case of Lawrence v. City of Louisville, 16 Ky. Law Rep., 672, bears out the foregoing proposition because in holding in that case that a plea of the statute of limitations was a good defense, the court based its conclusion upon the principles (1) that by the terms of the Constitution it was not intended to operate retroactively and its adoption was not meant to disturb a right that had fully accrued before its passage; and (2) because even if the intention had been otherwise, the right to plead the statute of limitations which had once accrued was a vested right which it was not competent for the State to divest.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

Appellee, Mary S. Kuntz, instituted this action against R. L. Clark and the city of Louisville, alleging that she was

the owner of a lot, and the improvements thereon, located in the city of Louisville; that the city authorized the construction of an alley by the side of it, and that the contract for the work was left to the defendant, Clark; and that the appellant, in constructing the alley, encroached upon her premises without right, and negligently destroyed a part of her stable. The defendant, Clark, filed his separate answer, denying the allegations of the petition, while appellant, in addition to its general traverse, in the second paragraph of its answer pleaded the six-months' statute of limitations, which is a provision of charters of cities of the first class, and which provides that "actions against the city for damages for injuries to person or property shall be begun within six months after the cause of action accrued." Appellee demurred to this paragraph, and the court below sustained the demurrer, and upon the trial appellee recovered a judgment against both defendants, and, the motion of the city for a new trial having been overruled, this appeal is prosecuted.

The only question involved on the appeal is whether the statute of limitations relied on by appellant is a good defense to the action, and this depends upon the power of the Legislature to enact it. The question, therefore, to be determined is, is it a special or local act which is prohibited by section 59, subsection 5, Constitution, which provides that "the General Assembly shall not pass local or special acts concerning any of the following subjects or for any of the following purposes, namely: . . . Fifth, to regulate the limitation of civil or criminal causes?" Or is it authorized and embraced by the provisions of section 156 of the Constitution, which provides for the classification of cities and towns, and that the organization and powers of each class shall be defined and provided for by

general laws, so that all municipal. corporations of the same class shall possess the same powers and be subject to the same restrictions? Appellant contends that as the provision relied on is a section of the general act of the Legislature passed in conformity with the requirements of section 156 of the Constitution, providing for the government of all cities of the first class, it is a general statute of local application, not special or local within the inhibition of section 59, and that it was within the power of the Legislature to pass it. This six-months' statute of limitations was a provision of the old charter of appellant prior to the adoption of the general act for the government of cities of the first class, and its constitutionality was upheld by this court in the case of Preston v. City of Louisville, 84 Ky., 118; and similar provisions in the charters of the city of Covington were held to be constitutional in City of Covington v. Voskotter, 80 Ky., 219, and City of Covington v. Hoadley, 83 Ky., 444. But at the time these opinions were rendered there was no constitutional provision enumerating specifically the subjects concerning which it was provided the Legislature should not pass local or special acts, and those cases turned upon the question as to whether this provision conferred a special privilege upon the city not in consideration of a public service; and it was held that, "as between a municipal corporation and a private person, a different rule might be adopted by the Legislature," upon the theory that "the city is an arm of the State government, and as such performs a public service." But section 59 of the Constitution expressly prohibits the Legislature from passing a local or special act relating to limitation, and this case clearly illustrates the wisdom of the provision. The city and an individual are sued for a joint trespass. If either is guilty, the city

City of Louisville v. Kuntz.

is most in fault, because it was the instigator of the wrong
complained of, but, if the statute relied on is held to be
not a local or special one, it will be permitted to escape
all liability, while its mere servant in the perpetration of
the injury must bear the burden of their joint wrong-
doing; and thus we have one rule of limitation for cities
of the first class, and another for all persons, natural or
artificial.

When the Constitution prohibits the Legislature from
passing special laws upon any given subject, it means
that all laws upon that subject shall operate alike upon
all, whether individual or corporate, public or private. It
is a safeguard provided by the Constitution for the protec-
tion of the weak as well as the strong. The Legislature
has power to make laws fixing the time when an action
must be brought, but they must be general in their char-
acter, as the Constitution prohibits the Legislature from
discriminating in favor of or against individuals or classes,
when it declares that there shall be no special legislation
on the subjects enumerated in section 59; whilst section 156
makes classification of cities only for the purpose of or-
ganization and government, and provides that the powers
and organization of each shall be defined and provided for
by general laws pertaining thereto. But section 59 ex-
pressly excepts the subject of limitation of civil and crim-
inal causes from the operation of such laws, and it seems
to us that properly they have no connection with the nec-
essary powers, government, or organization of cities. It
is a recognized canon of construction that constitutional
provisions should be construed so as to give force and
effect to all of them, and this is done by limiting the Legis-
lature, in granting municipal charters, to the powers which
are incident to, and necessary for, their organization and

government, as pointed out by section 156. While the cities of the State may be subject to different laws, so far as they relate to their organization and government, yet, as to matters prohibited by the Constitution, they must be subject to the same general laws which apply to other corporations and private citizens.

The Constitution of Pennsylvania prohibits local or special legislation on the same subjects, and in almost the same language, as the Constitution of Kentucky; and the Supreme Court of that State, in passing upon a question similar to the one we have here, (132 Pa. St., 275) [19 Atl., 221], said: "In order that a given act of the Assembly relating to a class of cities may escape the charge of being a local law, it is necessary, as was said in Weinman v. Railway Co., 118 Pa. St., 202 [12 Atl., 290], that it should "be applicable to all the members of the class to which it relates, and must be directed to the existence and regulation of municipal powers and to matters of local government." A law that will bear the application of this test is within the purpose for which classification was designed, and therefore constitutional. A law that will not bear its application is local, and offends against the Constitution. Among the many subjects of legislation which classification presents, we may call attention to such as the establishment, maintenance, and control of an adequate police force for the public protection; the preservation of the public health; protection against fire; the provision of an adequate water supply; the paving, grading, curbing, and lighting of the public streets; the regulation of public markets and market houses, and of docks and wharves; the erection and care of public buildings and other municipal improvements. These are mentioned, not because they embrace all the sub-

jects for the exercise of municipal powers, but as a sug-
gestion of some of the more obvious ones, and as an illus-
tration of the character of the subjects upon which legisla-
tion for the classified cities may be necessary. These classes
are thus seen to embrace, not mere geographical subdivi-
sions of the territory of the State, but organized munici-
palities, which are divided with reference to their own pe-
culiar characteristics and needs; and the legislation to
which they are entitled by virtue of such provision is sim-
ply that which relates to the peculiarities and needs which
induced the division. In this way, each class may be pro-
vided with legislation appropriate to it, without imposing
the same provisions on other classes, to which they would
be unsuitable and burdensome.

We come, now, to inquire what legislation remains
forbidden to cities, notwithstanding classification. I
reply that all legislation not relating to the exer-
cise of corporate powers, or to corporate officers
and their powers and duties, is unauthorized by classi-
fication. In article 3, section 7, the Constitution declares
that the Legislature shall not pass any local or special law
"regulating the practice or jurisdiction of or changing the
rules of evidence in any judicial proceeding or inquiry be-
fore courts, aldermen, justices of the peace, sheriffs, com-
missioners, arbitrators, auditors, masters in chancery or
other tribunals." The same section forbids the passage
of any local or special law fixing the rate of interest, ex-
empting property from taxation, changing the laws of de-
scent, affecting the estates of minors, and many other
purposes, among which is authorizing the laying out,
'opening, altering or maintaining roads, highways, streets
and alleys.' It is very clear that the purpose of the con-
stitutional provision is to require that laws relating to

the several subjects enumerated in section 7 shall be general, affecting the whole State, so that the rule upon these subjects shall be uniform throughout every part of the territory in which the Constitution itself is operative. For example, there can not be one rate of interest in cities of the first class, another in those of the second class, and still another for the rest of the State; but the rate, when fixed by law, must apply to all parts and divisions of the State alike. . . . These are the civil rights of the citizens of Pennsylvania as such, and they can not be affected by the size of the town in which he lives, or the value of his land, any more than by the color of his skin. They are the safeguards provided by the Constitution for the protection of the weak as well as the strong, the dweller in the country as well as the resident in the cities of the first class, and no system of classification of cities or other divisions of the State can disturb them."

And this court in the case of Simpson v. Ky. Citizens' Building and Loan Association, 19 Ky. Law Rep., 1176 [41 S. W., 570, and 42, S. W., 834], held that the provisions of section 864, Ky. Stat., which permit building and loan associations to exact from their borrowing members monthly and weekly premiums in addition to the legal rate of interest on the money borrowed, are in violation of that section of the Constitution which provides that the Legislature shall not pass local or special acts concerning, or for the purpose of regulating, the rate of interest. The same principle was adhered to in the case of Levi v. City of Louisville, 97 Ky., 394 [30 S. W., 973]; and in the recent case of Gorley v. City of Louisville, 20 Ky. Law Rep., 602 [47 S. W., 263], this court held the provision of section 2882 of the Kentucky Statutes, which limits the time within which actions or proceedings by

members of the police force shall be commenced to six months after the cause of action accrued, to be unconstitutional.

As was said in Chalfant v. Edwards, 173 Pa. St., 250 [33 Atl., 1049]: "The effect of classification must not be carried beyond its purpose as declared in the original classification laws. A law relating to any other subject, though embracing all the cities of any given class, or of all the classes into which cities are divided, is local and unconstitutional, if the subject be one upon which local or special legislation is forbidden." For the reasons herein indicated we are of the opinion that the statute relied on is local and special, and in conflict with the provisions of section 59 of the Constitution, and the judgment is therefore affirmed.