# Dillon v. Stubbs.

(Decided Jan. 15, 1937.)

THOMAS X. DILLON for appellant.

O. M. & J. C. ROGERS for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

On November 2, 1935, John M. Hunnicutt resigned the office of police judge of Ludlow, a city of the fourth class, and on November 2, 1935, the Honorable Ruby Laffoon, then Governor of Kentucky, appointed the appellant, Thomas X. Dillon, to fill the vacancy. On November 14, 1935, the board of council of the city of Ludlow appointed appellee, Omer H. Stubbs, to fill the said vacancy, and on December 12, 1935, the Honorable A. B. Chandler, Governor of the Commonwealth, issued to him a commission, and he immediately assumed the duties of the office. Appellant then brought this action to oust appellee from said office, claiming that the appointive power to fill a vacancy in the office of police judge in cities of the fourth class rested in the Governor, and that his appointment was legal and he is entitled to the office. On the other hand, appellee contends that the appointive power was in the board of council of the city and that his appointment was the legal one and that he is entitled to the office.

It is conceded by appellant that previous to the Acts of 1930, chapter 118 (section 1), amending and re-en-

acting section 3758 of the Kentucky Statutes, the power of appointment to fill vacancies in the office of police judges of cities of the fourth class was in the board of council pursuant to sections 3551 and 3552 of the Kentucky Statutes. That question has been determined by various opinions of this court. See Jarvis v. Stanley, 176 Ky. 630, 197 S. W. 183; Traynor v. Beckham, 116 Ky. 13, 74 S. W. 1105, 76 S. W. 844, 25 Ky. Rep. 283, 981, 3 Ann. Cas. 388.

It is insisted, however, for appellant that the amendatory act of 1930 amending section 3758, being subsequent to the enactment of sections 3551 and 3552 which were enacted in 1894, repealed the latter sections, and that section 3758 as amended by the act of 1930 vests in the Governor the authority to appoint police judges in cities of the fourth class and that the former decisions of this court holding to the contrary are no longer the law.

Section 3758 of the Statutes, 1922 Edition, provided that certain and various officers, including county judges and police judges, shall be commissioned by the Governor, and the amendatory act of 1930 (section 1) omitted or left out the words "county judges" but in all other respects it is the same as originally enacted. Section 2 of the act, now section 3758-1 of the Kentucky Statutes, 1930 Edition, merely provides that vacancies in the office of county judge shall be filled by appointment by the fiscal court of the county instead of the Governor.

From a reading of section 3758 of Statutes, as amended by the Acts of 1930, chapter 118, it is at once apparent that the only thing the Legislature intended to do and actually did do was to amend that section so as to place the appointive power of county judges, in case of a vacancy, in the fiscal court of the county. We find no language in the amendatory act, express or by necessary implication, warranting the conclusion that it was the intention of the Legislature to repeal, change, or modify sections 3551 and 3552 or make any change in section 3758 except in relation to the appointment of county judges.

No mention is made in the title or elsewhere in the amendatory act of 1930 of any section of the statute except section 3758 which we had theretofore construed

in harmony herewith, and it does not purport to repeal any law then in force except to strike from section 3758 the words "county judges."

Since it is the rule that repeal by implication is not favored nor will be permitted except where the conflict is such that the conflicting sections of the Statutes cannot reasonably be reconciled or construed together so as to give each of them effect and meaning, and finding no such conflict in the sections of the Statutes involved in this case, our conclusion is that the amendatory act of 1930 did not repeal sections 3551 and 3552 of the Statutes, and the power to fill vacancies in the office in question was in the board of council of the city and appellee is entitled to said office. These conclusions make it unnecessary to pass upon other questions raised.

It follows that appellant's petition stated no cause of action and the court properly sustained the demurrer thereto.

Judgment is affirmed.