Smiser WEST, Appellant,

v.

Kelly HEDGER et al., Appellees.

Court of Appeals of Kentucky.

Oct. 27, 1961.

L. T. Grant, Boehl, Stopher, Graves & Deindoerfer, Lexington, for appellant.

Max M. Smith, Frankfort, for appellees.

MILLIKEN, Judge.

This appeal involves the construction of conflicting provisions of the Workmen's Compensation Act. One section excepts agriculture from coverage under the Act unless the agricultural employer and his agricultural employees jointly apply for coverage. When an agricultural employer accepts the Act unilaterally, is he protected by Workmen's Compensation coverage when his employees have not joined in applying for coverage or signified their acceptance of the Act? Is an injured agricultural employee entitled to a Workmen's Compensation award in such a situation?

Kelly Hedger, 67 years of age, had worked a few days housing tobacco on the farm of Smiser West where he received a broken arm on August 27, 1959. The disputed point in the case is whether Hedger was covered by the Workmen's Compensation Act. The Board held that he was and the Circuit Court affirmed the Board.

Smiser, the employer-appellant, a farm owner, accepted coverage under the Act in 1954 without having his employees jointly apply, but the Board held that KRS 342.395, a section of general application, was applicable and that Hedger was covered by the Act. The two sections declare in pertinent parts:

"KRS 342.005(4). Any employers or employes who are, by the provisions of this section, excepted from the provisions of this chapter (theretofore agriculture being listed as excepted) including employers having less than three employes, may subject themselves thereto by joint voluntary application to the board, in writing, for such period as may be stated in the application, which shall be irrevocable during such period and effective thereafter until a written revocation be filed with the board or the employment be terminated. * * *

"KRS 342.395. In the event an employer elects to operate under this chapter, then every employe of such employer, as part of his contract of hiring * * * shall be deemed to have accepted all the provisions of this chapter and shall be bound thereby unless he shall have filed, prior to the injury or incurrence of occupational disease, written notice to the contrary with the employer; and such acceptance shall include all of the provisions of this chapter with respect to traumatic personal injury, silicosis and any other occupational disease."

■ Although KRS 342.005, adopted in 1942, was re-enacted in 1960 as amended, there was no change whatever in its subsection (4), so its re-enactment in 1960 afforded subsection (4) no added or superseding effectiveness. Dillon v. Stubbs, 267 Ky. 17, 100 S.W.2d 823. On the other hand, the amendment to KRS 342.395 in 1952, which created the presumption that an employee in covered employment had accepted the Act regardless of whether he signed a compensation register to that effect, was enacted later and hence is susceptible to the construction that it superseded KRS 342.005(4) in that subsection's limited application.

■ It is noteworthy that KRS 342.005 (4) provides that employers and employees in the agricultural field may by joint application to the Board in writing qualify for compensation coverage for a limited period of time "which shall be irrevocable during such period and effective thereafter until a written revocation be filed with the board or the employment be terminated." In other words, when the employee in agricultural employment is covered by the Act for an agreed limited period of time, he is presumed to stay covered by the Act, even after the expiration of the agreed limited

**626**

period of time, unless he files a written withdrawal with the Board "or the employment be terminated" KRS 342.395 carries this principle further by declaring that an employee of an employer who has accepted the Act is presumed to have accepted the Act and must notify his employer if he wishes to withdraw.

The legislative intention, or trend of intention, is thus to protect the employee with compensation coverage whenever his employer is operating under the Act. In May of 1954 the appellant-employer elected to accept the Workmen's Compensation Act and his acceptance on Workmen's Compensation Board Form No. 1 stated, "Kind of business being conducted—farm employees." Thus, the employer clearly intended to put his farm operations under the Workmen's Compensation Act. However, it is now contended that the present employee (the appellee) is not protected because KRS 342.005 excepts agricultural employment from the coverage of the Act unless both the employer and employee jointly apply to the Board in writing for coverage in conformity with KRS 342.005(4) aforequoted. Carried to its logical conclusion this would mean that this agricultural employer who had accepted the Act has not been protected by it because he failed to have his agricultural employees join in his application for coverage and acceptance of the Act. Such a result could prove disastrous to an employer if substantial common-law liability could be proved by an injured employee in lieu of a claim under the Workmen's Compensation Act. Acceptance of the Act offers protection to both employer and employee; it exchanges limited liability for the employer for limited, but assured, recovery for an injured employee regardless of negligence.

It is our conclusion, therefore, that the acceptance of the Act by the employer was effective to protect him and also effective to protect his employees—that the provisions of KRS 342.395 were properly applied by the Board. This conclusion con-

forms to the liberal construction on questions of law required by KRS 342.004. See, also, Dick v. International Harvester Company, Ky., 310 S.W.2d 514.

The judgment is affirmed.