James **HALLAHAN**, Clerk of Jefferson County Court, Appellant,

v.

Orville **MOODY**, Appellee.

Court of Appeals of Kentucky.

Oct. 19, 1967.

E. P. Sawyer, Edith F. Stanley, Louisville, for appellant.

Richard M. Trautwein, Louisville, for appellee.

Robert Matthews, Atty. Gen., Walter C. Herdman, Asst. Atty. Gen., Frankfort, Robert L. Durning, Jr., Harris J. Berman, Louisville, amici curiae.

DAVIS, Commissioner.

The appellee, Orville Moody, and five other residents of Jeffersontown presented to the appellant, James Hallahan, Clerk of the Jefferson County Court, a nominating petition and requested that their names be placed upon the ballot as candidates for six councilmanic seats to be voted upon in Jeffersontown at the general election, November 7, 1967. The nominating petition was presented to the appellant-clerk after the date of the primary election held in May 1967. The appellant-clerk declined to accept the nominating petition because it had not been filed at least forty-five days before the day of the May 1967 primary as required by KRS 86.225. The petition was not alleged to be deficient in any other respect.

Appellee Moody instituted this action seeking a declaration of rights and demand-

ing that the names of the six proposed candidates be placed upon the ballot to be submitted to the electors of Jeffersontown at the November 7, 1967, election. The trial court granted the relief sought and held KRS 86.225 unconstitutional as being " * * in violation of the Constitution of the Commonwealth of Kentucky, particularly but not limited to Section 59."

The appellant challenges the propriety of the judgment and asserts that KRS 86.225 is constitutional and dispositive of the issues at bar. The appellee argues that the judgment of the trial court is correct and presents three bases in support of it: (1) KRS 86.225 is not applicable to independent candidates nominated by petition; (2) KRS 86.225 was repealed by implication by the subsequent re-enactment of KRS 118.070, 118.080, and 118.130; and (3) in any event, KRS 86.225 is unconstitutional.

KRS 86.225 was enacted in 1960 and provides:[1]

"No person shall be a candidate for any elective city office in a city of the fourth class that is operating under the councilmanic form of government, unless his nomination papers have been filed with the county court clerk not less than forty-five days before the day fixed by law for the holding of primary elections."

Jeffersontown became a city of the fourth class in 1966. KRS 81.010. It operates under the councilmanic form of government. Agreed statements of counsel upon oral argument disclosed that six persons filed nomination papers as Republican candidates for the councilmanic offices of Jeffersontown at least forty-five days before the date of the primary election of May 23, 1967. These individuals filed a brief as amici curiae, as did the Attorney General.

Appellee's contention that KRS 86.225 does not apply to candidates nomi-

nated by petition is an ingenious one, but we are not persuaded by it. Appellee contends that the words "nomination papers" as used in the statute have specific legal reference to the papers required to be filed by candidates in partisan primary elections. In support of this contention, appellee cites various sections of KRS Chapters 119 and 124 in which the expression "nomination papers" is frequently used as descriptive of the documents required to be filed in party primaries. The appellee suggests that the legislature should and would have used the words "nominating papers" in lieu of "nomination papers" had it intended that KRS 86.225 should apply to independent candidates nominated by petition. Without belaboring the point, we are convinced that the legislative intent deducible from reading KRS 86.225 plainly embraces all candidates for any elective city office in a city of the fourth class operating under the councilmanic form of government. It should be observed that absent such a construction, there would have been no reason for the adoption of KRS 86.225, since other statutory provisions already required that the nomination papers of all but independent candidates be filed not less than forty-five days before the day fixed for holding the primary election.

Appellee points out that KRS 119.020(4) specifically excludes partisan primary elections for certain candidates in fourth-class cities operating under the commission form of government or the city-manager form of government. It is reasoned by the appellee that the real purpose of KRS 86.225 was to make it perfectly clear that the nomination papers required by KRS 119 are required for fourth-class cities operating under the councilmanic form of government in instances where candidates wish to represent major political parties. In our view this argument is untenable and requires a strained construction. We hold that KRS 86.225 is applicable to candidates for city offices

1. Cf. Treadway v. Miller, Ky., 354 S.W.2d 500, in which the statute was construed as it pertained to party primaries.

in fourth-class cities operating under the councilmanic form of government whether they file in party primaries or as independent candidates, because we are persuaded that the legislative intent impels that conclusion. Asher v. Stacy, 299 Ky. 476, 185 S.W.2d 958; City of Frankfort v. Triplett, Ky., 365 S.W.2d 328.

■ Appellee points to the re-enactment of KRS 118.070, 118.080, and 118.130 as superseding KRS 86.225. This argument overlooks the fact that the three cited sections of KRS Chapter 118 were in force in 1960 when KRS 86.225 was enacted, and that the subsequent re-enactment in 1964 of KRS 118.070, 118.080, and 118.130 was accomplished for the sole purpose of affecting elections for members of boards of education. There was no change respecting the filing of nomination papers of candidates in fourth-class cities operating under the councilmanic form of government. We think the rationale of Dillon v. Stubbs, 267 Ky. 17, 100 S.W.2d 823, and West v. Hedger, Ky., 350 S.W.2d 624, rules the case at bar. In each of those cases, we dealt with the effect of re-enactment of statutes as affecting existing inconsistent legislation and held that the re-enacted legislation would not repeal apparently inconsistent legislation, because there was a complete absence of any language to reflect a legislative intent to amend or repeal the pre-existing statutory law. It is clear that the legislature made no reference to fourth-class cities in its re-enactment of KRS 118.070, 118.080, and 118.130, and under the principles enunciated in the cases cited, the re-enactment of those sections did not supersede or impliedly repeal KRS 86.225.

It is urged that KRS 86.225 is violative of Kentucky Constitution §§ 6, 59, and 60. It is noted that the trial court ruled that the statute runs afoul of Kentucky Constitution § 59.

■■ Turning first to the charge that the statute violates Kentucky Constitution § 6, we note that § 6 of the Constitution tersely states: "All elections shall be free and equal." That constitutional requirement is not a limitation on legislative authority to enact reasonable regulations for naming of candidates by political parties and groups of voters. Asher v. Arnett, 280 Ky. 347, 132 S.W.2d 772; Rosenberg v. Queenan, Ky., 261 S.W.2d 617. We perceive no basis for holding that the filing requirements imposed by KRS 86.225 are unreasonable or unconstitutional as violative of Kentucky Constitution § 6.

■ Kentucky Constitution § 59 provides in pertinent part: "The General Assembly shall not pass local or special acts concerning any of the following subjects, or for any of the following purposes, namely: * * * Twentieth. To provide for conducting elections, or for designating the places of voting, or changing the boundaries of wards, precincts or districts, except when new counties may be created." Kentucky Constitution § 60 forbids special laws. It is contended that there is no reasonable basis for requiring independent candidates for city offices in fourth-class cities operating under the councilmanic form of government to file their nomination papers before the primary when no such requirement is made in cities of other classes. Reliance is had upon City of Louisville v. Kuntz, 104 Ky. 584, 47 S.W. 592, 20 Ky.Law Rep. 805. That authority is not challenged, but its lack of impact in the present situation is illuminated by the construction placed upon it in Logan v. City of Louisville, 283 Ky. 518, 142 S.W.2d 161. In Logan it was specifically pointed out that the legislation struck down in City of Louisville v. Kuntz, supra, "had no relationship whatever to local municipal government". The decision in Logan v. City of Louisville, supra, was posited upon Hager v. Gast, 119 Ky. 502, 84 S.W. 556, and express approval was given to Richardson v. Mehler, 111 Ky. 408, 63 S.W. 957, in

which it was said: "In considering the question presented, all those parts of the constitution which relate to this matter [special and local legislation] must be considered together, and it must be borne in mind that section 156, with regard to municipalities is an exception to section 59." Id. 63 S.W. at 961.

It becomes apparent that Kentucky Constitution § 156 which relates to the power of the legislature to classify cities affects any consideration of the alleged unconstitutionality of KRS 86.225 based upon that statute's claimed violation of §§ 59 and 60 of the Kentucky Constitution. So long as the subject matter of legislation pertains to the local government or organization of a particular class of cities, differentiations between classes of cities have been sustained as constitutional in face of assaults upon them as violative of §§ 59 and 60. We cannot say that a differentiation among cities of the same class, by which cities with a councilmanic form of government must effect the selection of its officers in a manner different from that which applies to cities having a commission or city-manager form, is an unreasonable or illogical classification. In addition to the cases just cited, see Dieruf v. Louisville and Jefferson County Board of Health, 304 Ky. 207, 200 S.W.2d 300; Jobe v. City of Erlanger, Ky., 383 S.W.2d 675. It seems clear that KRS 86.225 may not be assailed as contravening any section of the Constitution of Kentucky, and the decision of the circuit court to the contrary was erroneous.

■ The views we have expressed make it unnecessary to consider or decide certain subordinate questions which have been presented in briefs and arguments. Since the nominating petition was not timely filed as required by KRS 86.225, the six names proposed as candidates are not entitled to be placed upon the ballot.

The judgment is reversed with directions to enter a new judgment denying the relief sought in the complaint.

WILLIAMS, C. J., and HILL, MILLIKEN, MONTGOMERY, PALMORE and STEINFELD, JJ., concur.

OSBORNE, Judge (dissenting).

I dissent from the holding of the majority in this case. Section 156 of our Constitution provides for the classification of cities on the basis of population.

"The cities and towns of this Commonwealth, for the purposes of their organization and government, shall be divided into six classes. The organization and powers of each class shall be defined and provided for by general laws, so that all municipal corporations of the same class shall possess the same powers and be subject to the same restrictions."

It is obvious that this classification is only for the purpose of "organization" and "government." Certainly this does not pertain to elections. Section 59(20) provides,

"The General Assembly shall not pass local or special acts concerning any of the following subjects, or for any of the following purposes, namely: * * *.

"To provide for conducting elections, or for designating the places of voting, or changing the boundaries of wards, precincts or districts, except when new counties may be created."

I do not believe KRS 86.225 relates to the organization and government of cities but does relate to the conduct of an election. The power of the legislature is restricted under section 59(20), therefore the statute is in violation of the Constitution.

For the foregoing reasons, I respectfully dissent.