**NORTHERN KENTUCKY AREA PLANNING COMMISSION, etc., Appellant,**

v.

**Claude E. HENSLEY et al., Appellees.**

Court of Appeals of Kentucky.

June 18, 1971.

Charles H. Deters, Deters & Grause, Covington, for appellants.

Donald C. Wintersheimer and Charles P. Wagner, Robert E. Ruberg, O'Hara & Ruberg, William E. Wehrman, Covington, for appellees.

CULLEN, Commissioner.

In 1969 the Northern Kentucky Area Planning Commission, created under KRS 147.610 to 147.710, proceeded on claimed authority of KRS 147.660 to levy a tax in excess of the limit fixed for taxing districts by the "Roll-Back" law of 1965. Chapter 2 of the Acts of the First Extraordinary Session of 1965; KRS 132.023. In a suit by a number of citizens and taxpayers judgment was entered declaring the levy invalid to the extent of the excess. The Planning Commission has appealed.

The appellant commission maintains first that the "Roll-Back" limit established in 1965 was removed as to area planning commissions by a 1968 amendment to KRS 147.660. Prior to 1965 KRS 147.660 fixed a tax-rate limit for area planning commissions of 5 cents per $100 of assessed valuation. Admittedly that rate was "rolled back" in 1965 by KRS 132.023. However, when KRS 147.660 was amended in 1968 (by Chapter 168 of the 1968 Acts), the language as to the 5-cent rate was reenacted, and the appellant commission argues that the amendment gave KRS 147.660 the effect of new legislation so as to impliedly repeal the "Roll-Back" limit.

The argument has no merit. The purpose of the 1968 amendment to KRS 147.660 was to make changes in that section with respect to matters other than the rate of tax. The provision as to the rate of tax simply was carried over when the section was set forth at length in amended form as required by Section 51 of the Kentucky Constitution. This did not give the tax-rate provision new vitality so as to impliedly repeal intervening other legislation such as the "Roll-Back" law. See Dillon v. Stubbs, 267 Ky. 17, 100 S.W.2d 823; West v. Hedger, Ky., 350 S.W.2d 624; Hallahan v. Moody, Ky., 419 S.W.2d 770.

The appellant commission makes a second argument, that the "Roll-Back" law violates Section 171 of the Kentucky Constitution in that the law does not comply with the requirement of Section 171 that taxes be levied and collected by general laws. Our decision today in Miller v. Nunnelley, Ky., 468 S.W.2d 298, in substance rejects that argument. Furthermore, there is nothing in the record of the instant case to indicate whether there are any area planning commissions in existence in Kentucky other than the appellant, or, if so, whether the "Roll-Back" law limits them to a rate different from the one to which the appellant is limited; so there is no basis in the record for any determination that there is any lack of uniformity as

to tax rates among area planning commissions. The courts will not decide hypothetical constitutional questions.

The judgment is affirmed.

All concur.