### DUNCAN, County Atty. v. QUEENAN, County Court Clerk.

Court of Appeals of Kentucky.

June 2, 1953.

Lawrence G. Duncan and Arthur C. Coaplen, Louisville, for appellant.

R. Davis McAfee, Louisville, for appellee.

CAMMACK, Justice.

This is an agreed case, which concerns the last day for filing nomination papers before the August 1 Primary. The case was submitted under Section 637 of the Civil Code of Practice, and the lower court was asked to construe KRS 119.080, 118.130(2), and 446.030.

In order that the case may be better understood, we quote those sections in full:

KRS 119.080. "Candidates for offices to be voted for by the electors of one county or of a district less than one county, except members of Congress, shall file their nomination papers with the county clerk of the county at least forty-five days before the primary election. Candidates for offices to be voted for by the electors of more than one county, and for members of Congress, shall file their nomination papers with the Secretary of State at least fifty-five days before the primary election."

KRS 118.130(2). "Certificates of nomination made by the governing authority of a party to fill vacancies in office, as provided in KRS 119.030, shall, when required to be filed with the Secretary of State, be filed not less than fifty-five days before the day fixed by law for the election of the person in nomination. When required to be filed with the county court clerk, they shall be filed not less than forty-five days before the day fixed by law for the election of the person in nomination. * * *"

KRS 446.030. "Time, computation of. (1). If a statute requires an act to be done a certain time before an event, the day on which the event occurs may be included in computing the time, but if the act is required to be done a certain time before the day on which an event occurs, the day on which the event occurs must be excluded; in either case the day on which the act is done may be counted as one day and as part of the time. The same principle shall apply when a certain time is required to elapse from the doing of an act, or the day of doing an act, before an event may take place.

"(2). If any proceeding is directed by law to take place, or any act is directed to be done, on a particular day of a month and that day is Sunday, the proceeding shall take place, or the act shall be done, on the next day that is not a legal holiday."

KRS 119.080 is directed to candidates who file their nomination papers. KRS 118.130(2) relates to the filing of certificates of nomination to fill vacancies, and, obviously, has no relation to the August 1 Primary. However, KRS 118.130(3) does relate to primary elections.

Since we agree with the trial judge's interpretation of KRS 119.080, we quote and adopt that part of his judgment as our own.

. "KRS 119.080 requires the nomination papers to be filed with the County

Clerk 'at least forty-five days before the primary election.' A proper construction of this language seems to the Court to mean that *forty-five full days* must be counted (including August 1, 1953, the date of the primary), and after forty-five *full days* have been counted then up to midnight of the forty-sixth day nomination papers may be filed, but that any nomination papers filed after the beginning of the *forty-fifth day* are filed too late.

"KRS 446.030 requires that August 1, 1953, be counted as the first day because the forty-five days are to be computed before 'the primary election' and not forty-five days from the day on which the primary election is held. It is therefore the opinion of the Court that counting back *forty-five full days* (including August 1, 1953, as the first day) nomination papers may be filed with the County Clerk under KRS 119.080 up to midnight of Wednesday, June 17, 1953, and that the County Clerk should not be required to accept any nomination papers tendered to him after midnight of June 17, 1953."

█ The part of the judgment pertaining to KRS 118.130(2) follows:

"The Court is also asked to construe Section 118.130, Subsection (2), which provides that where nominations are made by the governing authority of a party to fill vacancies the certificates of nomination shall be filed 'not less than forty-five days before the day fixed by law for the election'—under KRS 446.030 the count must eliminate August 1, 1953, because KRS 118.130, Subsection (2), does not provide 'not less than forty-five days before the primary election,' but provides 'not less than forty-five days before the day fixed by law for the election.'

"It is therefore adjudged by the Court that the plaintiff as County Court Clerk of Jefferson County is not required to and should not receive any nomination papers tendered under KRS 119.080 after midnight of Wed-nesday, June 17, 1953, and that the County Clerk is not required to receive and he should not receive and file any nomination papers tendered under KRS 118.130, Subsection (2), after midnight of Tuesday, June 16, 1953."

We are in accord with the reasoning of the trial judge as it relates to the interpretation of that statute, but the date of June 16th is meaningless, in view of what we have said as to the inapplicability of KRS 118.130(2) to the August 1 Primary.

This case presents another illustration of where minor changes in the wording of the election laws would lessen confusion pertaining thereto.

The judgment is affirmed as construed herein.