Lewis C. (Fats) TREADWAY, Appellant,

v.

Francis G. MILLER, Appellee.

Court of Appeals of Kentucky.

Feb. 23, 1962.

H. M. Shumate, Shumate & Shumate, Irvine, for appellant.

Darrell B. Hancock, James R. Richardson, Fowler, Rouse, Measle & Bell, Lexington, for appellee.

STEWART, Chief Justice.

On April 8, 1961, appellee, Francis G. Miller, filed with the Estill County Court

Clerk his declaration as a candidate for the Republican nomination for Mayor of Irvine, a fourth-class city, subject to the Republican primary election to be held on May 23, 1961. He had no opposition, so he became the nominee of his party without the placement of his name on the ballot.

Appellant, Lewis C. (Fats) Treadway, was certified to be the Democratic nominee. In the general election held on November 7, 1961, appellee received 741 votes to 670 for appellant. The latter then filed this contest, contending appellee's election should be set aside because he failed to file his nomination papers not less than 45 days before the day fixed by law for the holding of primary elections, as required by KRS 86.225 which governs primary elections in cities of the fourth class.

The trial court dismissed the action, after making the following findings:

1. Appellant, as the nominee for mayor on the Democrat ticket, was without authority to challenge the certificate of nomination issued to appellee as the Republican candidate for the office, since the certificate was regular on its face.

2. Under KRS 446.030(1) and KRS 86.225, the day of the primary must be excluded in counting the time but the day of filing must be counted as one day and part of the time; and, using this rule, appellee filed forty-five days before the day of the primary election.

This appeal is from these two rulings. However, we shall give consideration only to the second holding of the trial court, namely, that appellee's declaration was filed in conformity with the applicable provisions of law. We believe the determination of this point will dispose of this appeal.

KRS 86.225 requires a candidate for any elective city office in a fourth-class municipality operating under the councilmanic form of government, which Irvine does, to file nomination papers with the county court clerk "not less than forty-five days before the day fixed by law for the holding

of primary elections." KRS 446.030(1), which has to do with the computation of time and which must be taken into account in construing KRS 86.225, reads in part:

"If a statute requires an act to be done a certain time before an event, the day on which the event occurs may be included in computing the time, but if the act is required to be done a certain time before the day on which an event occurs, the day on which the event occurs must be excluded; *in either case the day on which the act is done may be counted as one day and part of the time. * * *"* (Emphasis added)

In Duncan v. Queenan, Ky., 259 S.W.2d 60, in its interpretation of KRS 119.080 and 118.130(2), which statutory provisions deal with the filing time of nomination papers and certificates of nominations to fill vacancies, as to candidates for certain offices, this Court held the day of the primary election should be included in the count, under the language of KRS 119.080, and excluded from the count, under the language of KRS 118.130(2). In neither instance was the day of filing reckoned in connection with the forty-five-day period involved there. The method of calculation in that case disregarded the above underscored portion of KRS 446.030(1), which plainly states that the day on which the act is done (the day of filing), in either of the alternatives mentioned in the subsection, "may be" counted as one day and part of the time.

In the case at bar, pursuant to KRS 86.-225 the day of the primary election must be omitted in computing the forty-five-day period, since this statute provides that the candidate must file his declaration not less than forty-five days *before the day* fixed by law for the election. In the count back from May 22nd, which was the day before the primary election in question, the forty-fifth day fell on April 8th, the date on which appellee filed his declaration. Relying upon Duncan v. Queenan, supra, appellant contends forty-five "full" days were not embraced within this span of time,

with the result that any nomination papers filed after the commencement of the forty-fifth day would be filed too late. That case, in fact, held the county court clerk would not be required to accept nomination papers after midnight of the forty-sixth day of the period of time for filing.

This holding runs counter to the phraseology of KRS 446.030(1) which declares in no uncertain terms that the day on which the act is done (the day of filing) *may be* enumerated as one day and part of the time. Thus under this provision the privilege is extended to the candidate of including the day of filing in the forty-five-day period. KRS 446.030(1) controls statutes which fix time limits by providing a method of computing time. It follows that appellee's nomination papers were filed in time.

To the extent that Duncan v. Queenan, supra, conflicts with the conclusion we have reached in this case it is overruled.

Wherefore, the judgment is affirmed.