## Moore v. Polsgrove, County Judge, et al.

(Decided March 4, 1927.)

### Appeal from Franklin Circuit Court.

1.  Statutes.—The word "or" may be substituted for the word "and," when necessary to make the statute express the true legislative intent as gathered from conduct and circumstances attending its enactment.

2.  Highways.—Acts 1926, c. 281, establishing and designating state highway, held to create a project comprising alternative routes to be determined by state highway commission and its engineer, in accordance with Ky. Stats., Supp. 1926, section 4356t-3, although requiring substitution of word "or" for "and" in pro-

vision designating route, in view of inability to establish route as described therein.

3. Injunction.—Where neither order of fiscal court, calling for submission to voters of bond issue, nor question submitted to voters required spending any part of money to be raised by bond issue on particular state highway project, injunction will not lie to require expenditure of any part of money on certain state project.

4. Highways.—Where bond issue was passed for use in construction of state primary highway projects, proceeds cannot be devoted to construction of highways which are not a part of state system, notwithstanding that particular project was named as state project at time bond issue was passed, since order calling for election did not contemplate money to be spent in construction of road wherein state would lend no aid.

GUY H. BRIGGS for appellant.

CHAS. H. MORRIS for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Among the numerous road projects established by the General Assembly of 1924, is the following, found in chapter 168 of the Acts of that year:

"That there be and is hereby established as a part of the primary system of public roads in the commonwealth the following route between Frankfort, Franklin county, Kentucky, to New Castle, Henry county, Kentucky, county seats of said respective counties, same to be known as project 64½, as follows, to wit:

"Project 64½. From Frankfort to Honeysuckle, to Bald Knob, to Bailey's Mill to Pleasant View, all in Franklin county, then to DeFoe, to Pleasureville, to New Castle, latter named in Henry county.

"Said road to be established and maintained as provided in chapter 17, Acts of 1920, and entitled to all benefits presented therein."

At its 1926 session the General Assembly passed the following Act, which is chapter 261 of the Acts of that session:

"Changing that chapter 168, page 514 Acts of the General Assembly of Kentucky passed at its 1924 session, be and the same is hereby amended by strik-

ing out the word 'Honeysuckle,' and inserting in lieu thereof the words 'Bryant's schoolhouse,' so that said act as amended shall read as follows, to wit:

"'Project 64½, from Frankfort to Bryant's schoolhouse, thence to Bald Knob, thence to Bailey's Mill, thence to Pleasant View, all in Franklin county, Kentucky, then to DeFoe, thence to Pleasureville and thence to New Castle, the last two being in Henry county.'

"The said project to be established and maintained as provided in chapter 17, Acts 1920, and when established be entitled to all the benefits provided therein."

The title to this Act reads:

"An Act amending chapter 168 of the Session Acts of 1924, being entitled, 'An Act relating to public roads.'"

In the light of these two acts, it cannot be doubted that so far as project No. 64½ is concerned, the route now goes by way of Bryant's schoolhouse and not by way of Honeysuckle. Chapter 261 of the Acts of 1926 specifically amends chapter 168 of the Acts of the 1924 session, and, by way of such amendment, it specifically states that the word "Honeysuckle" is to be stricken from the described route known as project No. 64½, and the words "Bryant's schoolhouse" are to be substituted therefor. There is nothing left here for construction. It is perfectly plain that the Legislature meant to abandon the Honeysuckle route and to adopt in lieu thereof the Bryant schoolhouse route.

At the same 1926 session the General Assemby also passed the following act, which is chapter 281 of the Acts of that session:

"That the road leading from Frankfort, Kentucky, via Honeysuckle and Bryant schoolhouse in Franklin county; thence via Jacksonville and Elmburg in Shelby County, via Pleasureville in Henry county and New Castle, the county seat of Henry county, approximately 25 miles in length, be and the same is hereby established and designated as a part of the primary system of state highways of the commonwealth of Kentucky, to be known as State primary road project No. —."

Before considering this act, a brief description of the geography of the region covered by the various road acts we have quoted herein is desirable. Honeysuckle lies in a northwesterly direction from Frankfort. The road described by project No. 64½ and that described by chapter 281 of the Acts of 1926 is the same for a distance of some 3 miles from Frankfort. As this road leaves Frankfort, it bears in a northwesterly direction. About 3 miles out from Frankfort the road forks. The right-hand fork, bearing north a little by west, runs along Stony creek until it comes to what is known as the Bald Knob high school. This fork passes through Honeysuckle. The left-hand fork bears in a decidedly northwesterly direction until it comes to Bryant's schoolhouse, which is located on top of a ridge about 2 miles, as the crow flies, in a fairly westerly direction from Honeysuckle. There is no road from Honeysuckle to Bryant's schoolhouse, nor is it practicable to build one between the two places on account of the conditions of the topography of the country. There is no direct road from Bryant's schoolhouse to Bald Knob high school, but state road project No. 64½ contemplated the building of a road along the top of the ridge running from Bryant's schoolhouse in a northeasterly direction to Bald Knob, which road, if constructed, would resemble in a general way the curved portion of a hockey stick. There is a road, however, which leads due west from Bryant's schoolhouse for a little over a mile, then turns north for about 2 miles where it joins a road which runs due west from Bald Knob high school. After these two roads thus join they run in a westerly direction towards Jacksonville. State project No. 64½, above referred to, after it leaves Bald Knob high school, runs in a due northerly direction to Bailey's Mill, thence in a northwesterly direction to Pleasant View, thence in a westerly direction to DeFoe.

From this statement, it is plain that the project created by chapter 281 of the Acts of 1926, to which no number was given by the Legislature, is a distinct project from that of No. 64½, although in some part it uses a portion of the same route. However, the chapter 281 of the Acts of 1926 presents a troublesome question because it describes, in part, the route as "the road leading from Frankfort via Honeysuckle *and* Bryant's schoolhouse." Now there is and was at the time of the passage of this act no road leading from Frankfort via

Honeysuckle *and* Bryant's schoolhouse, and, as stated above, it was not and is not practicable to build a road connecting these two points. In the case of Felts v. Edwards, 181 Ky. 287, 204 S. W. 145, we held that to ascertain the intention of the Legislature it is proper to look to the purpose which it had in view in enacting the statute, the subject matter, and the entire context of the statute, and the consequences of its enactment. In the case of James v. United States Fidelity & Guaranty Company, 133 Ky. 299, 117 S. W. 406, we held that the word "and" may be substituted for the word "or" when necessary to make a statute express the true legislative intent as gathered from the context and the circumstances attending its enactment. By a parity of reasoning, the word "or" may be substituted for the word "and," when necessary to make a statute express the true legislative intent as gathered from the context and the circumstances attending its enactment. If we substitute the word "or" between the words "Honeysuckle" and "Bryant's schoolhouse" in chapter 281 of the Acts of 1926, instead of the word "and" as now appears, we undoubtedly arrive at the true legislative intent. After the road running from Frankfort forks about 3 miles out the right-hand fork does run through Honeysuckle to Bald Knob, and then there is a road from Bald Knob running in a due westerly course to Jacksonville. This road would satisfy the description set out in chapter 281 of the Acts of 1926, if we substitute the word "or" instead of "and" as noted. Likewise, if when we reach the forks of the road out of Frankfort we take the left-hand fork, there is a road running through Bryant's schoolhouse, thence west, and thence north, to where it joins the road running from Bald Knob to Jacksonville, and this route, too, would satisfy the description set out in chapter 281 of the Acts of 1926, if we substitute the word "or" instead of "and." But there is no route whatever which satisfies the literal description of this route as it appears in chapter 281 of the Acts of 1926. In the light of the circumstances, we must conclude that the Legislature intended that, from the point where the road forks just outside of Frankfort to where the road leading west from Bald Knob high school joins the road leading northwestwardly from the Bryant's schoolhouse, the project created by this chapter 281 should comprise alternative routes, the choice between which should lie with the state highway commis-

sion and its engineer when it same to construct this project. See Kentucky Statutes, 1926 Supp., section 4356t-3.

With these conclusions in mind, we now turn to the controversy in this case. In March, 1926, the fiscal court of Franklin county ordered an election to be held in May of that year, wherein there should be submitted to the voters of Franklin county the question:

"Are you in favor of issuing $350,000 in bonds for the purpose of building roads and bridges?"

In the order calling this election, it was provided that if the bond issue was voted, $250,000 of the amount authorized was to be used and applied in the construction and reconstruction of roads—

"now or hereafter legally designated as state primary highway projects, the remainder to be applied to and used in the construction and reconstruction of roads other then those designated or hereafter designated as state primary projects."

This bond issue passed. In the petition herein it is averred that at the time of its filing there was on hand of this bond issue the sum of $200,000, and that the defendants, who are the fiscal court and the road Commissioners of Franklin county, had refused to appropriate any part of such funds to build the road known as state road project No. 64½, as established by the amendatory act of 1926, but, on the contrary, purposed to immediately construct a roadway entirely different from project No. 64½, as established by the amendatory act of 1926, and would, unless restrained by the court, spend the funds necessary in the construction of this different road. The petition is absolutely silent as to what was the other road the defendants purposed constructing and is equally as silent as to what portion, if any, of the $100,000, which in the order calling for the vote on the bond issue it was provided could be used for roads other than state projects, was yet in the hands of the defendants. The plaintiff, now appellant, sought an injunction to compel the defendants to appropriate the funds necessary to build project No. 64½ as established by the amendatory act of 1926, and to restrain them from building any other road than such project No. 64½. The lower court sustained a demurrer to the petition and the plaintiff, declining to plead further, his petition was dismissed and he has appealed. The allegations in the petition are

so meager that the parties hereto really did not get before the court the real controversy. existing between them. This case was before Chief Justice Clay of this court on a motion for a temporary injunction denied by the trial court, and he sent it back for full preparation so that it could be decided on the real issue between the parties. However, when this case went back to the trial court, nothing was done in it but the filing by the state highway commission of an answer, in which it stated that it had not accepted or adopted any route running from Frankfort to New Castle and that it awaited a decision of this court determining from the confusing acts hereinbefore discussed what was the true route between the points. With this slight addition the case was then submitted on the same record which was before Judge Clay. As a result, the record is no more enlightening on this submission as to the real controversy existing between the parties than it was on the former submission before Judge Clay. Taking the record as it is, we can find no error in the court's action in dismissing appellant's petition.

Neither the order of the Franklin fiscal court calling for the submission to the voters of the bond issue in question, nor the question submitted to the voters for their answer required the defendants to spend any part of the money to be raised by the bond issue on any particular state project. So far as this record shows, the order and the vote left it to the discretion of those charged with the spending of this money as to what state projects should be aided or constructed with it. It follows, then, that the plaintiff was not entitled to a mandatory injunction requiring the defendants to expend any part of the money on state project No. 64½ no matter how it ran. The court had no right to thus control the discretion of those charged with the spending of this money. Nor was the plaintiff entitled to an injunction restraining the defendants from spending any part of this bond issue on any other road, because, for aught that appears from this record, they may purpose spending the money on some other state project which they have a right to do, so far as this record discloses, it being a matter within their discretion. Even if the road the defendants purpose building be not a state project, yet they may have on hand out of the $100,000, which by the order calling for the election was to be devoted to roads other than state projects, sufficient funds to construct such road. It

therefore follows that the lower court correctly sustained the demurrer to the plaintiff's petition.

We are informed, however, by the briefs of counsel in this case, that the real controversy between the parties is whether the defendants can spend any of the money set aside for state highway projects on that portion of the road we have described as running from the forks of the road just outside of Frankfort through Honeysuckle to Bald Knob. If the defendants purpose spending this money on this road as a part of state project No. 64½ they may not do so because state project No. 64½ as stated runs via Bryant's schoolhouse and not through Honeysuckle. Neither may they spend it on this road as a part of the unnumbered project created by chapter 281 of the Acts of 1926, for, until it is adopted as a part of this unnumbered project by the state highway commission and its engineer under the choice of alternative routes given them by this act, as we have seen above, it is not a part of any state highway project.

It is urged, however, in opposition to this conclusion, that in the order calling for the vote on this bond issue the fiscal court provided that, if the bond issue carried, the money could be used on state projects as "now or hereafter established;" and that, inasmuch as at the time this order was adopted the amendatory act of 1926 had not even been passed by the Legislature, and at the time the vote was taken this act, though passed, had not gone into effect, the act of 1924 which established state project No. 64½ as running through Honeysuckle was then still in effect, and that as this road was then a state highway project it came within the designation "as now established" set out in the order calling for the election. From these premises the conclusion is drawn that the defendants are authorized to spend the money raised by the bond issue on any road that was a state project at the time the order calling for the election was adopted, and the vote on the question was taken, though such road, at the time of the spending of the money, is no longer a state project. We cannot agree to this conclusion. The order calling for the election and the voters who carried that election never contemplated that the money which they were authorizing to be spent on state highway projects should be spent on any road in the construction of which the state would lend no aid. That this is clear may be seen from a reading of the order which set aside out

of this bond money the sum of $100,000 to be spent on roads for which no aid from the state could be expected. Aside from this sum of $100,000 specifically set apart for such roads, the whole purpose of the bond issue was to raise money to supplement the state funds, and this purpose would be defeated if any part of this portion of the bond issue were spent on a road which could not secure state aid. The order calling for the election simply authorized the spending of the money if voted on any state highway project, whether then or thereafter designated as such, provided by necessary implication as we have seen that the road was such a project when the time came to spend the money. Any other construction would defeat the whole purpose of the election. It would seem, therefore, that if the parties are correct in their statement in the briefs as to what is the real controversy between them, then the defendants may not spend any part of this bond issue which by the terms of the order calling the election was to be devoted to state aid projects, on the road running through Honeysuckle, at least until the state highway commission and its engineer adopt it, under their choice of alternative routes, as a part of the state highway project established by chapter 281 of the Acts of 1926. As stated, this issue is not presented by the pleadings, and for the reasons hereinbefore set out the judgment of the lower court is correct, and it is affirmed.

Whole court sitting.