## Asher, Treasurer, v. Stacy et al.

Feb. 23, 1945.

Martin R. Wilson for appellant.

W. L. Hammond and Cleon K. Calvert for appellees.

Eldon S. Dummit, Attorney General, H. K. Spear, Assistant Attorney General, and Lee Hamilton amicus curiae for State Department of Health.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The sharp question is whether a comma in a statute should be regarded as the word "and."

Kentucky Revised Statutes 213.150, a section of the chapter relating to the Division of Vital Statistics in the Department of Health, reads in part as follows: "Each local registrar, physician or registered midwife shall be entitled to be paid the sum of twenty-five cents for each birth certificate and each death certificate properly and completely made out and registered with or reported by him, and correctly copied and duly returned to the Division of Vital Statistics. * * * All amounts payable to registrars, physicians or midwives under this section shall be paid by the treasurer of the county in which the registration districts are located, upon certification by the Division of Vital Statistics. The Divi-

sion of Vital Statistics shall annually certify to the treasurers of the several counties the number of births and deaths registered, with the names of the local registrars and the amounts due each at the rates fixed herein.''

The Treasurer of Bell County raised the question of whether he could lawfully pay doctors or midwives the fee of 25 cents for each birth certificate and the doctors for each death certificate which they are required by the statute to make and file with the local registrar. KRS 213.050. This is a representative suit by thirty doctors of Bell County seeking an injunction requiring the Treasurer to pay them such fees. Their prayer was granted and the Treasurer brings an appeal.

Literally, the statute provides for the payment of only one of the three classes, the comma in such disjunctive clauses ordinarily taking the place of ''or.'' The original statute was an Act of 1910 (Chapter 37, Sec. 20) and was in the same form. The difficulty here is not one of punctuation, which is ordinarily a minor element in construing a statute. Hodges v. Quire, 295 Ky. 78, 174 S. W. 2d 9. The question is whether the word ''and'' should connect ''registrar'' and ''physician or registered midwife.''

Not the literal language but the true intention or will of the Legislature is the law. That is what the courts endeavor to ascertain and declare and what the executive departments must obey. All rules of statutory construction have that in view. Since words are used to express an idea, if that idea is manifest, although inaptly or obscurely expressed, no usurpation is committed by declaring the legislative intent and no violence done by supplying, deleting or changing words or their arrangement in clarification. The general intent is the key to each part of an act. Often its purpose and its entire tenor disclose the inadvertent or careless misuse or omission of a word or phrase, and the courts are justified in correcting or supplying the proper language. Lewis' Sutherland on Statutory Construction, secs. 370, 376, 397; Crawford on Statutory Construction, sec. 169; Felts v. Edwards, 181 Ky. 287, 204 S. W. 145; Neutzel v. Ryans, 184 Ky. 292, 211 S. W. 852; Dougherty v. Kentucky Alcoholic Beverage Control Board, 279 Ky. 262, 130 S. W. 2d 756, 757; May v. Clay-Gentry-Graves Tobacco W. Company, 284 Ky. 502, 145 S. W. 2d 84, 85;

Fidelity & Columbia Trust Co. v. Meek, 294 Ky. 122, 171 S. W. 2d 41; Swift v. Southeastern Greyhound Lines, 294 Ky. 137, 171 S. W. 2d 49. As stated in Lewis' Sutherland on Statutory Construction, sec. 397: "The popular use of 'or' and 'and' is so loose and so frequently inaccurate that it has infected statutory enactments. While they are not treated as interchangeable, and should be followed when their accurate reading does not render the sense dubious, their strict meaning is more readily departed from than that of other words, and one read in place of the other in deference to the meaning of the context."

We have applied the rule in James v. United States Fidelity & Guar. Co., 133 Ky. 299, 117 S. W. 406; Moore v. Polsgrove, 219 Ky. 410, 293 S. W. 965, and other cases. Of special application is Commonwealth v. Bartholomew, 265 Ky. 703, 97 S. W. 2d 591, where we construed "or" as "and" in order that a constable and his deputies might all be paid.

The statute before us imposes the duty upon either the physician attending a birth or the midwife, as the case may be, of making out the certificate and filing it with the registrar. On the face of it, it cannot be supposed that he or she should receive no compensation for this public service, which is basic and more laborious than the duty imposed upon the registrar, who simply records the certificate and advises the State Registrar. It is to be noted that the fee is payable "for" each certificate "properly and completely made out and registered." The registrar does not make them out. If there was no intention that the physician or midwife, who is charged with the duty of making out the certificate, should be paid, the natural inquiry arises why should they have been mentioned at all. On the other hand, why should the Division of Vital Statistics be required to certify to the county treasurer each year the names of the registrar only? The case in which the constitutionality of the original act was declared involved the decision that a local registrar is entitled to collect this fee from the county. Furlong v. Darnaby, 206 Ky. 63, 257 S. W. 707; second appeal, Darnaby v. Furlong, 216 Ky. 475, 287 S. W. 913. As between conflicting consequences, a statute will be construed so as to make it equitable and just rather than inequitable and unjust. Goodpaster v. United States Mortgage Bond Company, 174 Ky. 284, 192 S. W. 35. It would have been

unjust not to provide compensation for the doctor or midwife for making out the certificate but to provide payment of the one who records it. The same section, KRS 213.150, expressly declares that none of those persons can charge "any member of a family in which a birth or death may occur" for such services.

We cannot escape the conclusion that the trouble arises in this case from mere faulty formulation of the phrase, and that the comma was inadvertently or intended to be used instead of the word "and." Therefore, the circuit court rightly construed the statute to provide that both the local registrar and the physician are entitled to have the County Treasurer pay them the stipulated fees. If a registered midwife has performed the service of the physician, she should recive the fee.

Judgment affirmed.

Whole Court sitting.