The **BORON OIL COMPANY, Appellant,**

v.

The **CATHEDRAL FOUNDATION, INC.,**
et al., **Appellees.**

Court of Appeals of Kentucky.

Nov. 15, 1968.

Ware, Bryson, Nolan & West, Covington for appellant.

John R. S. Brooking, Donald Wintersheimier, Frank Gofton Ware, Charles Deters, Martin W. Mitchell, Adams & Brooking, Covington, for appellees.

OSBORNE, Judge.

The Boron Oil Company sought a change in the zoning map of the City of Covington pursuant to the provisions of KRS 100.213 in order to use a lot at 12th and Scott streets for the erection of a service station. This required a map change from R–5 to C–2 for the lot involved.

Appellant appeared before the Kenton County Municipal Planning and Zoning Commission and was denied the relief sought by a vote of 4–4. It, then went to the city commissioners and procured the adoption of an ordinance making the desired change. Shortly after the adoption of the ordinance by the city commission, appellees sought and were granted an injunction prohibiting the erection of the station on the grounds that the ordinance adopted by the commission, in the absence of a favorable vote by the Planning and Zoning Commission, was invalid. Boron Oil Company now claims that approval of the Planning and Zoning Commission was not necessary and the action of the city commission was sufficient in itself to grant the requested change. We disagree. KRS 100.213 reads in part: "* * * the planning commission *and* the legislative body * * * must find * * *" that certain facts exist prior to granting a map change. (Emphasis added.)

Appellant argues that we should substitute in this statute the word "or" for the word "and." Appellant's first argument is that the 1968 General Assembly amended the statute to this effect thereby indicating that the statute was in error when originally passed and the amendment was in the form of a correction. We believe the ready answer to this contention

is that the 1968 amendment could as well have been one designed to change the law as to correct it. Therefore, we do not believe the statutory change indicates a prior intent one way or the other.

Appellant next contends the provision as written with an "and" is inconsistent with the other provisions of the zoning law in that under other provisions much more extensive changes can be made by the legislative body in face of a disapproval by the planning body. And, therefore, it is inconceivable that the legislature meant to give the planning body a veto in the matter of map changes. They, therefore, conclude that this indicates that the legislature really meant an "or." We are not prone to analyze all of the reasons that a legislature may have for actions it takes or fails to take, however, it can be readily understood that the legislature might give to the city council alone power to adopt an overall plan without first obtaining the approval of the planning commission and still limit their power to make small changes. The adoption of an overall plan is one in which the entire community is interested and would require by the very nature of the act long-term study and deliberate determination whereby minor changes would not entail this kind of reflective consideration but might be dictated by pressures of the moment. Therefore, the legislature could well have meant to require that such changes must be approved by the zoning commission as well as by the legislative body.

Appellant cites certain cases indicating that the words "or" and "and" can be easily interchanged. In response to this we point out that to make such interchange it must be obvious that the intent of the legistature would be thwarted if the change were not made. Duncan v. Wiseman Baking Co., Ky., 357 S.W.2d 694; Asher v. Stacy, 299 Ky. 476, 185 S.W.2d 958. We do not find such a situation to exist here. We believe the circuit court was correct in restraining appellant from

the building of the service station on the lot as rezoned.

The judgment is affirmed.

MONTGOMERY, C. J., and EDWARD P. HILL and WILLIAMS, JJ., concur.

MILLIKEN, PALMORE and STEINFELD, JJ., dissent.

STEINFELD, Judge (dissenting).

The majority opinion held that there resided in the commission a power not intended by the revision of the zoning laws. Prior to 1966 the statutes pertaining to planning and zoning, including those for amending the zoning plan, varied as to the different classes of cities and counties in the Commonwealth. When amendments were proposed in cities of the first class and counties containing those cities, and in cities of the third, fourth, fifth and sixth classes no concurrence of the zoning commission was required. The power to amend was solely in the local legislative bodies. KRS 100.066 and KRS 100.540. See Hatch v. Fiscal Court of Fayette County, Ky., 242 S.W.2d 1018 (1951) and City of Louisville v. Bryan S. McCoy, Inc., Ky., 286 S.W.2d 546 (1956). It was only in cities of the second class that a change required the concurrence of the commission and the legislative body. KRS 100.420.

To bring about uniformity the 1966 General Assembly revised the zoning laws. (1966 c. 172.) The provisions of that act with respect to zoning regulations and amendments thereto are KRS 100.207, KRS 100.211 and KRS 100.213.

Unfortunately in adopting Section 34 of Chapter 172 (KRS 100.213) the word "and" was used instead of "or". When enacted the section provided:

"Before any map amendment is granted, the planning commission *and* the legis-

lative body or fiscal court must find that the map amendment is in agreement with the community's comprehensive plan, * * *". (italics mine)

The error is obvious because Section 32 (KRS 100.211) stated:

(1) "A proposal for amendment to any zoning regulation may originate with the planning commission of the unit, with any fiscal court or legislative body which is a member of the unit, or with the owner of the property in question. Regardless of the origin of the proposed amendment, it shall be referred to the planning commission before adoption. The planning commission shall then hold at least one public hearing after notice as required by KRS Chapter 424 and make recommendations to the various legislative bodies or fiscal courts involved, and it shall take a majority of the entire legislative body or fiscal court to *override* the recommendation of the planning commission." (italics mine)

The error was discovered and at the first opportunity the next General Assembly amended KRS 100.213 in House Bill 398 of the 1968 session so that this statute now reads:

"Before any map amendment is granted, the planning commission *or* the legislative body or fiscal court must find that the map amendment is in agreement with the community's comprehensive plan, * * *". (italics mine)

The preamble to that act declared what the intention had been and that the amendment was to eliminate an improper construction.

In Duncan v. Wiseman Baking Co., Ky., 357 S.W.2d 694 (1962), it was said that: "* * * the courts may and should change 'and' to 'or,' and vice versa, whenever such conversion is required, inter alia, to effectu-

ate the obvious intention of the Legislature * * *". Without making this change KRS 100.211 and KRS 100.213 are inconsistent therefore the courts are required "to harmonize inconsistent statutory provisions wherever possible." Bischoff v. Hennessy, Ky., 251 S.W.2d 582 (1952). It is our duty to reconcile and make harmonious conflicting sections of statutes which we have failed to do. Com. v. Mullins, 296 Ky. 190, 176 S.W.2d 403 (1943). In Swift v. Southeastern Greyhound Lines, 294 Ky. 137, 171 S.W.2d 49 (1943), we said:

"Of course the courts should not resort to legislative history for the purpose of construing a statute where there could be no question as to the intent of the legislature, but where the literal meaning of a statute makes it a substantial departure from the long-established legislative policy on the subject, known to the court, the doubt thereby arising as to the legislative intent requires an examination of available information bearing on the purpose desired to be accomplished by the legislation in question."

The history of legislative enactments pertaining to zoning in Kentucky before the 1966 revision and thereafter clearly reveals the intention that the ultimate power to amend zoning classifications was and is in the local legislative body.[1] Any other interpretation is not harmonious with the development of the zoning laws in this Commonwealth.

"The normal statutory powers of a county planning and zoning commission, under KRS 100.854 and 100.860, are to make recommendations to the fiscal court. The recommendations have no conclusiveness, finality or binding effect. From the record before us we are not warranted in concluding anything other than that the commission publicly expressed its approval of the preliminary plats for the proposed projects. Perhaps this could rise to the status of a recommendation,

but no higher." Thomas v. Barnett, Ky., 397 S.W.2d 781 (1966).

For these reasons I respectfully dissent.

MILLIKEN and PALMORE, JJ., join in this dissent.

---

1. See Planning & Zoning in Kentucky Research Report, No. 11, 1962, page 31.