**Willie HULS, Raymond C. Huls, Mary Irene Huls, and Winchester Tobacco Warehouse Co., Appellants,**

v.

**The CITY OF WINCHESTER, Kentucky, Clyde Heflin, Eldon Fox, Carrie Patton, and David Ravencraft, Board of Commissioners, Appellees.**

Court of Appeals of Kentucky.

Feb. 21, 1986.

Rehearing Denied April 4, 1986.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court June 3, 1986.

Benjamin J. Hays, Winchester, Ky., for appellants.

Edsel T. Jones, Winchester, Ky., for appellees.

Before CLAYTON, McDONALD and WILHOIT, JJ.

WILHOIT, Judge.

This is an appeal from a summary judgment by the Clark Circuit Court dismissing the appellants' complaint whereby they sought to have an annexation ordinance of the City of Winchester, annexing unincorporated territory to that city, declared void because of failure to comply with the provisions of KRS 81A.420(2). KRS 81A.420(2) provides in relevant part that following the

publication of an ordinance proposing to annex unincorporated territory and within 60 days thereof if:

> [F]ifty percent (50%) of the resident voters or owners of real property within the limits of the territory proposed to be annexed petition the mayor in opposition to the proposal, an election shall be held at the next regular election occurring at least sixty (60) days after the petition is presented to the county clerk. (Emphasis added.)

The undisputed facts of the case are that there are at least seven owners of real property and one registered voter within the area to be annexed. The sole registered voter is the appellant Willie Huls. Within the allotted time after the ordinance proposing annexation was published, the four appellants signed and filed a petition with the Mayor of the City of Winchester in opposition to the proposal. No election was held, and the city proceeded to adopt an ordinance annexing the territory. This action followed.

The trial court held that an election must be held pursuant to KRS 81A.420(2) only if the petition is "signed by 50% of the voters or owners together and not either 50% of the voters or 50% of the owners," and that the petition submitted by the appellants did not meet this requirement. It held that there were seven real property owners and that the appellant Mary Irene Huls was not such a property owner since her only interest in real property within the area was a dower interest in the real property of her husband, the appellant Raymond Huls. The court thus concluded that the annexation ordinance was valid because no election had been necessary as "the petition is one signature short of meeting the 50% requirement."

■ We need not consider whether Mary Irene Huls is an owner of real property within the meaning of KRS 81A.420(2) because we conclude that the fact that the only voter residing within the territory joined in the petition required that an election be held. The plain wording of the statute indicates that "or" is used there disjunctively rather than copulatively to express the idea that either 50 percent of the voters or 50 percent of the property owners may trigger an election. There is authority that in statutory interpretation the words "or" and "and" can be easily interchanged, but this may be done only when it is obvious that the intent of the legislature would be thwarted if the change were not made. See Boron Oil Co. v. Cathedral Foundation, Inc., Ky., 434 S.W.2d 640 (1968). It is not obvious to us that the legislature intended that 50 percent of the voters alone, or of the property owners alone, in a territory would not be a sufficient number to require an election. Because only one voter resides in the territory in this case, a rather odd result is reached. By the same token, rather odd results can be reached in a number of situations by varying numbers if the trial court's interpretation of the statute were followed. For example, if there were 50 voters residing within a hypothetical territory and five owners of real property, and if all of the voters, two of whom were also property owners, petitioned for an election, but the three remaining property owners did not join in the petition, no election would be held under this interpretation.

■ In short, we believe the legislative intent embodied in KRS 81A.420(2) is that the petition of either 50 percent of the voters or 50 percent of the property owners is sufficient to require an election.

The judgment of the trial court is reversed and this matter is remanded for entry of a judgment consistent herewith.

Further, pursuant to 2.(a) of the Order Designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.