Jim HARDWICK and Jay Sizemore, Individually and on Behalf of all Members of AFGE Local 1286, Appellants,

v.

BOYD COUNTY FISCAL COURT, Appellee.

No. 2006–CA–000660–MR.

Court of Appeals of Kentucky.

March 16, 2007.

Patricia Sanders Ashland, KY, for Appellants.

Daniel King, III Catlettsburg, KY, for Appellee.

Before ACREE and TAYLOR, Judges; KNOPF,[1] Senior Judge.

## OPINION

ACREE, Judge.

Section 181 of the Kentucky Constitution authorizes the state legislature to delegate to cities and counties by statute the power to impose and collect license fees on trades, occupations and professions. *City of Covington v. Kenton County,* 149 S.W.3d 358, 360 (Ky.2004). In 1966, the legislature enacted Kentucky Revised Statute (KRS) 68.197 authorizing certain fiscal courts to adopt ordinances to collect such license fees. In 2005, the Boyd County Fiscal Court adopted Ordinance 05–01,[2] entitled "Boyd County Occupational License Tax" (the Ordinance).

The essential fact of this case, to which we must apply the law, is the ordinance's disparate treatment of business-licensees, whose license fee would be based on "net profits[,]" KRS 68.197(3)(b), vis-à-vis em-

---

1. Senior Judge William L. Knopf sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

2. The ordinance originally creating the Boyd County Occupational License Tax was adopted in 2003 as Ordinance 03–04. The ordinance challenged here, Ordinance 05–01, replaced Ordinance 03–04 in its entirety, but was itself amended, in part, by Ordinance 05–07. However, the specific provision Appellants challenge is § 15 of Ordinance 05–01. That section was not affected by the amendment contained in Ordinance 05–07. Therefore, we make reference in this Opinion only to Ordinance 05–01.

ployee-licensees, whose fee would be based on "salaries, wages, commissions and other compensation[.]" KRS 68.197(3)(a). This disparate treatment is succinctly described by the Appellee.

> Section 15 [of the Ordinance] permits any ... business entity ... to pay a Fixed Amount License Fee according to a schedule set forth in the ordinance. This option is only available to those sole proprietors and companies that would calculate the tax due and owing under the ordinance based on net profits ..., but an employee must pay the one (1%) percent [tax on his wages].

Appellee's Brief, p. 1.

The narrow question presented by the Appellants is whether the Ordinance is consonant with the authorizing statute and constitutional provision. The Boyd Circuit Court held it was. Because we believe the ordinance conflicts with the plain language of the statute, we reverse the circuit court.

■ Appellants, Jim Hardwick and Jay Sizemore, are wage-earning employees of the Federal Bureau of Prisons, taxpayers and licensees subject to the Ordinance. They filed this action[3] against the Appellee in Boyd Circuit Court[4] alleging the Ordinance did not comport with the authorizing statute.

As employee-licensees, Appellants would comply with the Ordinance and pay the license fee by automatic deduction from all of their wages. However, the Boyd Fiscal Court is not permitted to collect the license fee from wages earned for work performed outside Boyd County. KRS 68.197. Some of Appellants' duties require them to transport prisoners to and from locations outside Boyd County. To the extent Appellants' work takes them out of the county, they are entitled to claim a refund of the license fee. But they cannot claim a refund unless they have maintained accurate records of all of their activities. Such record keeping is not required by their employer because it detracts from their productivity and from attention to their responsibilities.

The paperwork and record keeping requirements of business-licensees is more obvious. To accurately comply with the Ordinance, they must keep track of their revenue and expenses, something they are already required to do to comply with state and federal income tax laws.

The legislature believed it appropriate to allow local governments the option of providing a fixed-fee alternative to licensees. The authority for local government's incorporation of such an option in an ordinance is contained in KRS 68.197(3) which states as follows:

> (3) In order to reduce administrative costs and minimize paperwork for em-

---

**3.** Appellants brought this action in their own behalf and in behalf of the members of Local 1286 of the American Federation of Government Employees. The circuit court found they had standing individually but not in their representative capacity. They do not appeal that ruling.

**4.** The procedural history of this case began in federal court with *Hardwick, et al. v. Boyd County Fiscal Court,* No. 0:05–cv–00107–HRW, 2005 WL 2977775 (E.D.Ky.2005). That case was dismissed without prejudice for lack of standing and subject matter jurisdic-

tion. Appellee asserted in the circuit court that the dismissal without prejudice of the federal case has *res judicata* effect. The circuit court ruled otherwise. Appellee did not appeal that ruling. Although Appellee is not barred because of that failure from presenting the argument here, *see Brown v. Barkley,* 628 S.W.2d 616, 618 (Ky.1982), no authority whatsoever is offered to support it. Independently, we see no merit in the argument. *See, e.g., Davis v. Powell's Valley Water Dist.,* 920 S.W.2d 75, 77 (Ky.App.1995)(Dismissal of federal case for lack of subject matter jurisdiction is not adjudication on merits.).

ployers, employees, and businesses, the fiscal court may provide:

(a) For an annual fixed amount license fee which a person may elect to pay in lieu of reporting and paying the percentage rate as provided in this subsection on salaries, wages, commissions, and other compensation earned within the county for work done and services performed or rendered in the county; and

(b) For an annual fixed amount license fee which an individual, partnership, professional association, joint venture, or corporation may elect to pay in lieu of reporting and paying the percentage rate as provided in this subsection on net profits of businesses, trades, professions, or occupations from activities conducted in the county.

KRS 68.197(3).

Appellee Boyd Fiscal Court relied on KRS 68.197(3) when it created Section 15 of the Ordinance. That section is entitled "Fixed Amount License Fee in Lieu of Net Profit Based Fee." The section authorizes a fixed-fee payment based on a sliding scale published in the ordinance. By its title and by its substance, no employee-licensee is permitted to pay a "Fixed Amount License Fee" because, for employee-licensees, the fee is based on earned wages and not on net profits.

■ Appellants' position is that the plain language of KRS 68.197(3) prohibits such disparate treatment. The issue before us then is one of legislative intent. We must determine whether the legislature intended to authorize a fiscal court to treat those businesses that pay the fee based on net profits differently from employees who pay the fee based on salaries, wages, commissions and other compensation. We believe no such intent exists.

Appellants direct us to the legislature's use of the conjunctive "and" rather than the disjunctive "or", both in KRS 68.197(3) and between subsection (3)(a) and (3)(b). They argue such use requires the classes of taxpayers described in those subsections to be treated collectively rather than alternatively. While this is our starting point, our analysis does not end here.

■ Our courts have said "[n]ot the literal language but the true intention or will of the Legislature is the law." *Asher v. Stacy*, 299 Ky. 476, 185 S.W.2d 958, 959 (Ky.1945). Consequently, courts may, and frequently do, substitute "or" for "and", and vice versa, in the course of statutory interpretation. *See, e.g., Duncan v. Wiseman Baking Co.*, 357 S.W.2d 694, 698 (Ky. 1961); *Commonwealth v. Bartholomew*, 265 Ky. 703, 97 S.W.2d 591, 595 (1936); *Moore v. Polsgrove*, 219 Ky. 410, 293 S.W. 965, 966–67 (1927).

But the courts will not and cannot take such liberties as changing statutory language unless it is "obvious that the intent of the legislature *would be thwarted* if the change were not made." *Boron Oil Co. v. Cathedral Foundation, Inc.*, 434 S.W.2d 640, 641 (Ky.1968) (emphasis added).

In this case, we are fortunate to have a clear articulation of the legislature's intent and purpose in allowing the flat fee option as an alternative to calculating the occupational license tax. The statute itself states that its purpose is "to reduce administrative costs and minimize paperwork for *employers, employees, and businesses[.]*" KRS 68.197(3) (emphasis added). Considering such clear language, and considering too that all three classes of taxpayers are burdened by administrative cost and paperwork involved in complying with the license fee ordinance, we cannot say that the legislature's intent would be thwarted without our substituting the conjunctive "and" for the disjunctive "or". To do so

would obviously change the intent of the statute, which we cannot do.

The Boyd County Fiscal Court Ordinance, like the statute, also sets forth its intended purpose. However, Boyd Fiscal Court's stated purpose for adopting a fixed amount license fee is not at all the same as the legislature's purpose in allowing such an option. The Ordinance says that its Fixed Amount License Fee was adopted "[i]n furtherance of promoting and enhancing economic development and job growth[.]" Boyd County Fiscal Court Ordinance 05–01, § 15. This is not consonant with the legislative purpose of KRS 68.197.

The Ordinance, therefore, deviates from the authorizing statute in two significant ways. First, where the statute intends that employee-licensees and business-licensees be treated collectively and similarly, the Ordinance treats them selectively and differently. Second, where the statute is intended "to reduce administrative costs and minimize paperwork[,]" the Ordinance is intended to "promot[e] and enhanc[e] economic development and job growth[.]" In other words, the Boyd Fiscal Court has co-opted the legislature's authority, ignored the legislature's intended purpose, and disregarded the plain language of the statute, in order to encourage a policy not envisioned or intended by the Kentucky Legislature. *See City of Georgetown v. Morrison*, 362 S.W.2d 289, 293 (Ky.1962)(Occupational license ordinances are unenforceable where they are inconsistent with the general law or public policy of the state.).

■ County fiscal courts, including the Boyd Fiscal Court, only have such powers as have been granted by the legislature, expressly or necessarily implied, by some provision of law. *Kentucky Licensed Beverage Ass'n v. Louisville–Jefferson County Metro Government*, 127 S.W.3d 647, 649 (Ky.2004). Every such grant of authority carries with it the prohibition of exercising any authority *"in a manner different from that permitted." Boyle v. Campbell*, 450 S.W.2d 265, 268 (Ky.1970)(emphasis added). There is no authority in the legislative scheme relating to local occupational license tax that would allow Boyd County Fiscal Court to adopt the fixed amount license fee "in a manner different from that permitted" by KRS 68.197.

Appellee offers no alternative interpretation of this statutory language. Instead, Appellee leap-frogs to the constitutional argument, contending generally that "[a]ll state and federal taxation laws treat wage earners differently than business owners. There is nothing arbitrary or capricious about doing that in the local ordinance at issue in this case." But Appellee is wrong in this case. Our legislature, by enacting KRS 68.197(3) intentionally treated wage earners and business owners identically.

■ Whether the legislature could have treated these classes of licensees differently need not be addressed here. We need only apply the plain language of the statute and heed the warning of our Supreme Court:

> [L]ook to the language used, but no intention must be read into the statute not justified by the language. The primary rule is to ascertain the intention from the words employed in enacting the statute and not to guess what the Legislature may have intended but did not express. Resort must be had first to the words, which are decisive if they are clear. The words of the statute are to be given their usual, ordinary, and everyday meaning.

*Morrison v. Home Depot*, 197 S.W.3d 531, 536 (Ky.2006) *quoting Gateway Const. Co.*

*v. Wallbaum,* 356 S.W.2d 247, 249 (Ky. 1962). Here, the words are clear.

The legislature's use of the conjunctive "and", within the intent language of subsection (3), and between subsection (3)(a) and (3)(b), requires that any local government electing the option of the fixed amount license fee must make it equally available to all licensees without regard to the manner in which their tax is calculated. We cannot escape the conclusion that the legislature intended to provide a means by which all classes of licensees could reduce the administrative cost and minimize paperwork related to paying the tax or seeking a refund.

 Having ruled in favor of Appellants on grounds of statutory interpretation, we need not address their other arguments, including their constitutional argument. However, we would note the indication in *Preston v. Johnson County Fiscal Court,* 27 S.W.3d 790, 794 (Ky. 2000), that the test of the constitutionality of an occupational license fee ordinance is whether the ordinance "applies equally to every employed or self-employed person within its territorial limits." *Id.* Section 15 of the Boyd County Fiscal Court Ordinance 05–01 fails that test.[5]

 Appellee's argument that Appellants lack standing to challenge the or-

dinance is unavailing. "From the more recent case of *Gillis v. Yount,* Ky., 748 S.W.2d 357 (1988), to cases from the last [19th] century, Kentucky has consistently recognized taxpayer standing to challenge the constitutionality of city, county and state taxes and expenditures."[6] *Price v. Transp. Cabinet,* 945 S.W.2d 429, 431 (Ky. App.1996).

Because we do not reach the constitutional question, we need not address Appellee's argument that Appellants' failure to name the Commonwealth as a defendant is fatal to their cause.

Therefore, we hold that the Boyd County Occupational License Tax, Ordinance 05–01, is invalid to the extent that it provides a Fixed Amount License Fee *option* for licensees whose fee is based on a percentage of net profits under § 3 of the Ordinance, but fails to provide the same or similar option to licensees who pay the fee based on salaries, wages, commissions or other compensation. The judgment is REVERSED and this case is REMANDED to Boyd Circuit Court for further proceedings consistent with this opinion.

KNOPF, Senior Judge, concurs.

TAYLOR, JUDGE, dissents.

---

**5.** We presume the Boyd County Fiscal Court will attempt to rehabilitate the Ordinance. In doing so we encourage consideration of our opinion in *Glenn R. Womack, M.D., P.S.C v. City of Flemingsburg,* 102 S.W.3d 513 (Ky. App.2002):

Kentucky courts have long held that occupational license taxes are subject to Section 171 [of the Kentucky Constitution]. In fact, this Court has observed that:

During the approximate one hundred years of judicial interpretation of § 171, two basic principles have emerged: (1) taxes imposed under § 181 must be uniform *within* the class; and (2) although there need not

be *uniformity* amongst classes, there must be *equality* amongst sufficiently-related classes so that interclass discrimination cannot be said to be arbitrary, unreasonable, or capricious.

*Id.* at 516, *quoting Renfro Valley Folks, Inc. v. City of Mount Vernon,* 872 S.W.2d 472, 474–75 n. 6 (1993) (citations omitted; emphasis in original).

**6.** The license fee authorized by KRS 68.197 has been accurately referred to as a tax. *City of Covington v. Kenton County,* 149 S.W.3d 358, 359–60 (Ky.2004).