Donald CATCHEN, Appellant,

v.

CITY OF PARK HILLS and 1530 Dixie LLC, Appellees.

No. 2010–CA–001069–MR.

Court of Appeals of Kentucky.

Sept. 30, 2011.

Case Ordered Published by Court of Appeals Oct. 28, 2011.

Charles T. Lester, Jr., Independence, KY, for Appellant.

Robert A. Winter, Jr., Covington, KY, for Appellee City of Park Hills.

John Jay Fossett, Fort Mitchell, KY, for Appellee 1530 Dixie LLC.

Before TAYLOR, Chief Judge; CAPERTON and WINE, Judges.

## OPINION

TAYLOR, Chief Judge:

Donald Catchen brings this appeal from a May 13, 2010, order of the Kenton Circuit Court dismissing with prejudice his complaint and amended complaint against the City of Park Hills (Park Hills) and 1530 Dixie LLC (Dixie). We affirm in part, reverse in part, and remand.

Donald Catchen is a resident, taxpayer, property owner, and member of the city

council in Park Hills, Kentucky.[1] Dixie was formed as a limited liability company and incorporated with the Kentucky Secretary of State on March 1, 2005.[2] Dixie's members included Jay F. Bayer, who also served as City Engineer for Park Hills. Dixie purchased a 1.5–acre parcel of property located at 1530 Dixie Highway in Park Hills for $200,000 and intended to construct a new office for Bayer Becker Engineers. The project was ultimately abandoned, and Dixie sought to sell the property.

Park Hills became a prospective purchaser of Dixie's property located at 1530 Dixie Highway. On December 12, 2006, the city council of Park Hills passed Ordinance No. 13, 2006 (Ordinance No. 13) authorizing the purchase of said real property for the total sum of $300,000. To finance the purchase, Ordinance No. 13 also authorized the city to tender a promissory note to Dixie in the amount of $300,000 and to grant a mortgage lien upon the real property to secure the repayment of the note indebtedness.[3] The promissory note provided that the principal and all accrued interest would become payable no later than December 18, 2009.

On August 11, 2008, some two years after purchase of the real property located at 1530 Dixie Highway, Park Hills' city council adopted Ordinance No. 16, 2008 (Ordinance No. 16). The stated purpose of Ordinance No. 16 was:

(III) Subject to ratification by the voters of Park Hills, levying a new special ad valorem tax annually at the rate of $.80 on each one thousand dollars ($1,000) of assessed valuation upon said taxable property within Park Hills to provide funding for the acquisition of a fire truck and for community development and property acquisition commencing in fiscal year 2009–2010 and ending in fiscal year 2013–2014.

In a November 2008 election, the proposed tax set forth in Ordinance No. 16 was approved by ballot initiative. Apparently, a portion of the funds derived from the tax generated by Ordinance No. 16 were to be combined with funds from Park Hills' general fund to pay the outstanding note indebtedness related to the purchase of 1530 Dixie Highway from Dixie in 2006.

Subsequently, Catchen filed this action in 2009 in the Kenton Circuit Court against Park Hills and Dixie seeking to enjoin Park Hills from paying the promissory note and a declaration that the real estate transaction between Park Hills and Dixie was void. In the complaint, Catchen particularly maintained that Park Hills was attempting to refinance the promissory note and sought to enjoin such refinancing. Catchen also asserted that Park Hills' original purchase of the real property at 1530 Dixie Highway violated statutory law, constitutional law, and "ethical law." Park Hills filed a motion for judgment on the pleadings and a motion to dismiss for failure to state a claim. Kentucky Rules of Civil Procedure (CR) 12.02; CR 12.03. Therein, Park Hills argued that Catchen lacked standing to file the complaint. The circuit court ultimately agreed with Park Hills and dismissed Catchen's complaint for lack of standing. This appeal follows.

1. Donald Catchen was elected to the city council of Park Hills for a term beginning in January 2009.

2. 1530 Dixie LLC was dissolved on December 27, 2006.

3. On December 18, 2006, 1530 Dixie LLC assigned the note and mortgage lien to its members, including Jay F. Bayer, who are the present holders of the note.

When considering a motion for failure to state a claim upon which relief could be granted or motion for judgment on the pleadings, all facts set forth in the complaint are accepted as true, and all inferences are to be construed in favor of plaintiff. *Archer v. Citizens Fidelity Bank & Trust Co.*, 365 S.W.2d 727 (Ky.1963). And, it must be demonstrated that plaintiff is not entitled to relief upon the facts as set forth in the complaint or upon any facts that could be proved in support of plaintiff's claims. *Spencer v. Woods*, 282 S.W.2d 851 (Ky.1955); *Archer*, 365 S.W.2d 727. Our review proceeds accordingly.

██ Catchen asserts that the circuit court erred by concluding that he lacked standing and by dismissing his complaint. Catchen argues that he possesses standing to challenge the purchase of the property at 1530 Dixie Highway and the actions of Park Hills relative to the purchase and funding of that property. Specifically, Catchen advances a myriad of arguments alleging that the purchase of 1530 Dixie Highway made pursuant to Ordinance 13 and the levy of the tax to partly fund the payment of the note indebtedness per Ordinance 16 were void. Catchen's argument relies in part upon sundry sections of the Kentucky Constitution and his remaining argument relies upon numerous statutes and ethical codes. However, resolution of this appeal centers solely upon whether Catchen possesses the requisite standing to challenge the purchase of property and the imposition of the tax.

██ In this Commonwealth, a taxpayer may generally have standing to challenge the constitutionality of a tax imposed by a local government. *Hardwick v. Boyd Co. Fiscal Court*, 219 S.W.3d 198 (Ky.App. 2007); *Rosenbalm v. Commercial Bank of Middlesboro*, 838 S.W.2d 423 (Ky.App. 1992). By contrast, to enjoin or challenge an official act of a city, a party must have suffered some injury distinct from that of the general public to have standing. *Carrico v. City of Owensboro*, 511 S.W.2d 677 (Ky.1974). The distinction between standing to challenge a tax and standing to challenge an official act is pivotal in this case in our opinion. For the reasons hereinafter set forth, we conclude that Catchen does not have standing to challenge the official acts of Park Hills regarding expenditures for the property but does have standing to challenge the imposition of the tax imposed by Ordinance 16.

The record reveals that Catchen has not alleged an injury distinct from the general public that would confer standing upon him to challenge or enjoin any official act of Park Hills. Additionally, Catchen's reliance upon KRS 92.340[4] to confer standing is misplaced. By its unambiguous terms, KRS 92.340 only authorizes an action against an "officer, agent or employee" or

---

4. Kentucky Revised Statutes 92.340 states:
   If, in any city of the second to sixth class, any city tax revenue is expended for a purpose other than that for which the tax was levied or the license fee imposed, each officer, agent or employee who, by a refusal to act, could have prevented the expenditure, and the members of the city legislative body who voted for the expenditure, shall be jointly and severally liable to the city for the amount so expended. The amount may be recovered of them in an action upon their bonds, or personally. The city attorney shall prosecute to recovery all such actions.

   If he fails to do so for six (6) months after the money has been expended, any taxpayer may prosecute such action for the use and benefit of the city. A recovery under this subsection shall not bar a criminal prosecution. Any indebtedness contracted by a city of the second to sixth class in violation of this subsection or of KRS 92.330 or 91A.030(13) shall be void, the contract shall not be enforceable by the person with whom made, the city shall never assume the same, and money paid under any such contract may be recovered back by the city.

"members of the city legislative body." KRS 92.340 does not authorize an action against a city entity, and Catchen has not named an officer, agent, employee or member of the legislative body as a party to this action. Rather, he merely filed the complaint against the City of Park Hills. Thus, Catchen has failed to demonstrate standing under either KRS 92.340 or generally to challenge an official act of Park Hills.

Nevertheless, Catchen does have standing to challenge the tax imposed by Park Hills in Ordinance 16. In his complaint, as amended, Catchen raised various arguments regarding the tax as authorized by Ordinance 16. As noted, there is authority in Kentucky that allows taxpayers to enjoy standing to bring suit to challenge the imposition of a tax by a governmental entity. *Hardwick,* 219 S.W.3d 198; *Rosenbalm,* 838 S.W.2d 423. As Catchen is a taxpayer of Park Hills, we conclude that Catchen has standing to bring an action to challenge the imposition of the tax imposed by Ordinance 16. However, we caution that in no way does this opinion endorse the claims or merits raised in the challenge regarding this tax, which must be resolved by the circuit court on remand.

For the foregoing reasons, the order and judgment of the Kenton Circuit Court is affirmed in part, reversed in part, and this case is remanded for proceedings consistent with this opinion.

ALL CONCUR.