RENDERED: FEBRUARY 3, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1395-MR

MINDY DAVENPORT; DEBRA
FRENCH; JASON GRIFFITH;
JESSICA BLAKEMAN; PENNY
GOZZARD; SUE HAMILTON; AND
TIM MASSEY                                                          APPELLANTS


                        APPEAL FROM ROWAN CIRCUIT COURT
v.            HONORABLE WILLIAM EVANS LANE, JUDGE
                        ACTION NO. 21-CI-90143


CITY OF MOREHEAD                                                      APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, COMBS, AND GOODWINE, JUDGES.

GOODWINE, JUDGE: Mindy Davenport ("Davenport") and other former

residents (collectively, "Appellants") of the North Fork Mobile Home Park ("North

Fork") appeal from the judgment of the Rowan Circuit Court dismissing their

amended complaint. After careful review, we affirm.

## BACKGROUND

In December 2020, the Morehead City Council ("the City") adopted Ordinance No. 20:2020 ("the Ordinance") to establish the Morehead Gateway Development Area. The Ordinance was passed under Kentucky's Tax Increment Financing ("TIF") statute. KRS[1] 65.7041-65.7083. The purpose of the Ordinance was to encourage investment and redevelopment within the development area. The development area encompasses North Fork in its entirety.[2] The Ordinance includes redevelopment assistance to share incremental tax revenues with a private developer as a means of underwriting the costs of the project.

Appellants are former residents of North Fork, all of whom leased lots from the owner of the property, Joanne Fraley ("Fraley"), on a month-to-month basis. In March 2021, Fraley sent Appellants and all other residents letters instructing them to vacate North Fork by April 30, 2021. Appellants complied with Fraley's demand to vacate. Davenport, Penny Gozzard ("Gozzard"), Jessica Blakeman ("Blakeman"), and Debra French ("French") moved to new residences in Morehead, Kentucky. Sue Hamilton ("Hamilton"), Tim Massey ("Massey"),

---

[1] Kentucky Revised Statutes.

[2] The development area, formerly North Fork, is located at the northeast quadrant of the I-64/KY 32 interchange. Both prior to and after passage of the ordinance, the development area was zoned B-2 Highway Business. Manufactured home communities are not permitted in areas zoned B-2. City of Morehead Zoning Ordinance § 154.149(D)(4)(a).

and Jason Griffith ("Griffith") now reside elsewhere. Fraley has since sold the property. Fraley is not a party to this action and Appellants have not alleged she acted unlawfully by terminating their leases. Furthermore, they do not claim any right to remain at North Fork beyond April 30, 2021.

Instead, Appellants sought declaratory relief based on alleged procedural errors in the City's passage of the Ordinance. In the amended complaint, Appellants claimed the following: (1) the development plan filed with the Morehead City Clerk did not fully comply with KRS 65.7051(1); (2) the development plan was not filed with the Rowan Fiscal Court as required by KRS 65.7051(3); (3) because the development plan was deficient and was not filed with the fiscal court, the City's notice to the public and public hearing did not meet the requirements of KRS 65.7051(2); (4) the City did not make sufficient findings of fact under KRS 65.7049; and (5) the City violated Appellants' due process rights when it failed to give actual notice of the public hearing on the Ordinance.

Appellants claimed they incurred thousands of dollars in costs when they were required to move their mobile homes to new locations. Those who were unable to relocate their mobile homes were required to find new housing, resulting in ongoing housing expenses. In their amended complaint, Appellants requested only for the Ordinance to be declared void. They do not request reimbursement of their relocation or ongoing housing costs.

The City filed a motion under CR[3] 12.02 to dismiss Appellants' complaint. The circuit court granted the motion, finding Appellants did not have constitutional or statutory standing to bring their claims. The court also found the Appellants did not have taxpayer standing to pursue their claims. In the alternative, the court determined the ordinance was valid under the City's home rule powers.

This appeal followed.

## STANDARD OF REVIEW

Issues of standing are pure questions of law reviewed *de novo*. *Ward v. Westerfield*, 653 S.W.3d 48, 51 (Ky. 2022) (footnote omitted).

## ANALYSIS

On appeal, Appellants argue: (1) with regard to constitutional standing: (a) despite Fraley's termination of the leases, their injuries were caused by the City's adoption of the Ordinance, and (b) their injuries are redressable by voiding the Ordinance; (2) they have standing as Rowan County, Kentucky taxpayers; (3) they have standing to sue under the Declaratory Judgment Act; (4) the City's notice of the public hearing did not satisfy the procedural due process requirements of Section 2 of the Kentucky Constitution; and (5) the City exceeded its home rule powers by enacting the Ordinance.

---

[3] Kentucky Rules of Civil Procedure.

First, Appellants do not have constitutional standing to bring their claims against the City. Courts may only address justiciable claims which require the plaintiff have standing. *See Kentucky Unemployment Insurance Commission v. Nichols*, 635 S.W.3d 46, 49-50 (Ky. 2021). Under *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992), to establish constitutional standing, the plaintiff must prove: (1) injury, (2) causation, and (3) redressability. *Overstreet v. Mayberry*, 603 S.W.3d 244, 252 (Ky. 2020). In other words, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Commonwealth v. Sexton*, 566 S.W.3d 185, 196 (Ky. 2018) (internal quotation marks and footnotes omitted).

First, Appellants fail to prove they have suffered a legally cognizable injury. An injury is defined as "[t]he violation of another's legal right, for which the law provides a remedy; a wrong or injustice." *Kasey v. Beshear*, 626 S.W.3d 204, 208 (Ky. App. 2021) (citation omitted). To establish standing, an injury must be particularized, meaning "it must affect the plaintiff in a personal and individual way." *Overstreet*, 603 S.W.3d at 252 (footnotes omitted). Appellants allege they were injured when they were required to vacate North Fork and incurred the costs of moving their mobile homes, leasing new lots, and/or leasing new residences because some individuals were unable to move their mobile homes. These

particularized and concrete injuries were actually suffered by Appellants. *Id.* However, by Appellants' own admission, the law provides no remedy for them, meaning they are not legally cognizable.[4]

The *Lujan* test mandates that Appellants prove all elements to have constitutional standing, meaning it is unnecessary to proceed in our analysis. *See Kasey*, 626 S.W.3d at 209. However, we will briefly address the remaining elements.

Even if Appellants' alleged injuries were legally cognizable, they are not fairly traceable to the City's allegedly unlawful conduct. *Sexton*, 566 S.W.3d at 196. Appellants claim the City made several procedural errors in the consideration and passage of the Ordinance. None of these errors or the Ordinance itself caused Appellants' injuries. Regardless of Appellants' theories about Fraley's motivations, they have not alleged either the City or the Ordinance required her to terminate the leases or take any other action to remove residents from North Fork. Instead, displacement and the resulting costs were caused by Fraley's termination of their month-to-month leases, which Appellants concede was within her legal rights as the property owner.

---

[4] Appellants admit "the law does not provide an avenue to un-displace [them] or compensate them for their displacement." Appellants' brief at 20.

Additionally, Appellants' injuries cannot be redressed by their requested relief. A generalized "interest in the proper administration of the laws[,]" is not a redressable injury. *Id.* at 197 (footnote omitted). As noted above, Appellants concede that the law does not provide any avenue for them to receive compensation or return to North Fork. Because of this reality, they ask only for the Ordinance to be invalidated for alleged procedural errors. Declaring the Ordinance void cannot remedy their alleged injuries, making it insufficient under the *Lujan* standard.

Having failed to prove a legally cognizable injury that is fairly traceable to the City's allegedly unlawful conduct, and which is likely redressable by their requested relief, Appellants do not have constitutional standing to proceed.

Next, Appellants do not have standing as taxpayers. Being a taxpayer within a county alone does not confer standing on a litigant. *Price v. Transportation Cabinet*, 945 S.W.2d 429, 431 (Ky. App. 1996). This is because "[o]ur concept of constitutional standing would be eviscerated if litigants could challenge any government action based on an attenuated relationship between the harm alleged as a result of the government action and the general expenditure of public funds to support government functions." *Ward*, 653 S.W.3d at 56. Therefore, where a party claims taxpayer standing, for a matter to be justiciable, "the taxpayer [must] represent an interest that is direct, pecuniary, and substantial."

*Id.* The taxpayer's injury must be separate from that of the general public in order to establish standing. *Catchen v. City of Park Hills*, 356 S.W.3d 131, 133 (Ky. App. 2011) (citing *Carrico v. City of Owensboro*, 511 S.W.2d 677 (Ky. 1974)).

Here, Appellants cannot prove they suffered injuries "different in character from that sustained by the public generally." *Carrico*, 511 S.W.2d at 680. Just as Appellants could not establish constitutional standing, in part, because their injuries were not caused by the City's actions in enacting the Ordinance, their claim of taxpayer standing fails on the same grounds. The non-legally cognizable and non-redressable injuries that they allege are distinct from those of the general public and, therefore, give them taxpayer standing, were not caused by the City. They were caused by Fraley's independent termination of their leases. Otherwise, Appellants have only the same interest in proper administration of law and expenditure of taxpayer funds as any other citizen of the county. Therefore, Appellants do not have standing as taxpayers of Rowan County.[5]

Finally, the Declaratory Judgment Act does not confer standing on Appellants.

> In any action in a court of record of this Commonwealth
> having general jurisdiction wherein it is made to appear
> that an actual controversy exists, the plaintiff may ask for
> a declaration of rights, either alone or with other relief;

---

[5] Although superfluous to our holding on this issue, several of the appellants are no longer taxpayers of Rowan County, as they are no longer residents therein.

and the court may make a binding declaration of rights, whether or not consequential relief is or could be asked.

KRS 418.040. "A court may only rule on the merits of justiciable issues, or, in other words, matters that involve an actual case or controversy." *Nichols*, 635 S.W.3d at 49-50 (footnotes omitted). Justiciability requires the party seeking relief have standing to do so. *Id.* Therefore, Appellants cannot bypass the requirements of constitutional standing by seeking relief under this statute. *See Ward*, 653 S.W.3d at 55.[6]

Because Appellants do not have standing to challenge the Ordinance, we need not address the merits of their arguments regarding the circuit court's determination that the Ordinance was a valid exercise of the city's home rule powers. On the same grounds, we will not address the merits of Appellants' constitutionality argument.

## CONCLUSION

Based on the foregoing, the judgment of the Rowan Circuit Court is affirmed.

ALL CONCUR.

---

[6] The City correctly alleges the TIF statute does not create a statutory right of action for individuals challenging the actions of local governments in enacting ordinances. Appellants have not alleged they have such a statutory right. Therefore, we will not further address the merits of this issue.

BRIEF FOR APPELLANTS:

Benjamin Wesley Carter
Louisville, Kentucky

BRIEF FOR APPELLEE:

William M. Lear, Jr.
Dana Rashay Howard
Felisa Sue Moore
Lexington, Kentucky